■ In the Matter of JOSEPH SHAW, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

In November 1987, petitioner, an inmate at Shawangunk Correctional Facility in Ulster County, was charged with organizing actions against the facility and disobeying a direct order in violation of facility rules 104.12 and 106.10. Specifically, petitioner was charged with refusing a correction officer's order to go into the "TV room or yard", inciting other inmates to leave the television room and then encouraging them to chant "we don't have to go inside the TV room if we don't want to". Petitioner was found guilty of the charges following a Tier III disciplinary hearing and punishment was imposed. This determination was affirmed upon administrative review and is the basis of this proceeding to review.

The determination must be confirmed. Petitioner initially claims that respondents violated their own regulations requiring that inmate misbehavior reports be filed or endorsed by all correction facility employees with "personal knowledge of the facts" (7 NYCRR 251-1.4 [b]). Contrary to petitioner's claim, the record shows that only one facility employee witnessed the events in question and she is the one who issued the order that petitioner was found to have disobeyed. Since this was the only person with direct knowledge of the events, it was proper that hers was the only signature on the report. The other employees that petitioner claims should have signed the report arrived at the scene in response to all the commotion caused by the inmates gathered outside the television room following the alleged refusal of the order by petitioner.

Petitioner also claims that he received inadequate employee assistance at his hearing. The record reveals that the employee assistant performed all the services required under 7

NYCRR 251-4.2 and, in fact, petitioner expressed satisfaction with the help given to him by the assistant at the disciplinary hearing. Petitioner cannot complain that his assistant did only what petitioner requested him to do *(see, Matter of Gomez v Coughlin,* 140 AD2d 902, 904). Despite petitioner's contentions otherwise, there is no requirement in the applicable regulations that an employee assistant supply the Hearing Officer with written reports of witness interviews or discuss the case with the Hearing Officer. Even if petitioner had requested these services, he has failed to establish any prejudice resulting from this alleged deficiency *(see, Matter of Samuels v Kelly,* 143 AD2d 506, *lv denied* 73 NY2d 707).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.