■ In the Matter of CARL MURDOUGH, Appellant, v GLENN GOORD, as Commissioner of Correctional Services, Respondent. [829 NYS2d 279]—

Appeal from a judgment of the Supreme Court (Teresi, J.), entered January 19, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violating prison disciplinary rules prohibiting theft of state property and unauthorized possession or distribution of facility documents for stealing and selling pre-G.E.D. test answer keys. Following a disciplinary hearing, petitioner was found guilty of the theft charge. On administrative appeal, the determination was affirmed. Petitioner subsequently commenced this CPLR article 78 proceeding challenging the determination. Supreme Court dismissed the petition and petitioner appeals.

We affirm. Petitioner initially argues that the Hearing Officer violated Department of Correctional Services Directive No. 4932 and departmental rules by failing to recuse himself because he had been the Hearing Officer in a related proceeding. No departmental rule or directive prohibits a Hearing Officer from presiding over successive hearings. Further, petitioner has not demonstrated that the Hearing Officer's participation in the related proceeding resulted in any bias, or that any alleged bias affected the determination of guilt (*see Matter of Salaam v Goord*, 8 AD3d 776, 777 [2004]; *Matter of Soto-Rodriguez v Goord*, 252 AD2d 782, 783 [1998]; *Matter of Adelman v Coombe*, 235 AD2d 883 [1997]). While the review officer for a misbehavior report may not also act as the hearing officer for the same report

(*see* 7 NYCRR 251-2.2 [f]), the record reveals that this requirement was complied with here.

We also find no merit in petitioner's contention that the administrative dismissal of the determination in the related proceeding served to bar the instant proceeding based upon res judicata. The two misbehavior reports which served as the bases for the determinations at issue concerned thefts of different documents which occurred at different times (*see Matter of Griffith v Selsky*, 32 AD3d 595, 596 [2006]).

Mercure, J.P., Spain, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.