■ In the Matter of LARRY PORTER, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [849 NYS2d 326]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this CPLR article 78 proceeding challenging a tier III disciplinary determination which found him guilty of refusing a direct order and stealing state property. Ac-

cording to the misbehavior report, petitioner refused a correction officer's direct order to get dressed so that a female correction counselor could approach his cell and retrieve documents issued to petitioner pursuant to a Freedom of Information Law request. The misbehavior report, together with the corroborating hearing testimony and videotape, provide substantial evidence to support the determination of guilt (*see Matter of Barclay v Goord*, 23 AD3d 862, 862 [2005], *lvs denied* 6 NY3d 705, 710 [2006]; *Matter of Porter v McGinnis*, 20 AD3d 641 [2005]). To the extent that petitioner asserts that the charges were issued as a means of retaliation for a grievance and lawsuit he had filed, that presented a credibility issue for the Hearing Officer to resolve (*see Matter of Lewis v Goord*, 43 AD3d 1259 [2007]). We have examined petitioner's remaining contentions, including his claim that he was denied a fair and impartial hearing, and find them to be without merit.

Cardona, P.J., Mercure, Peters, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.