■ In the Matter of OMAR THORPE, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [862 NYS2d 636]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in two misbehavior reports with various prison disciplinary rule violations. The first misbehavior report was prepared after petitioner was strip frisked and a razor blade was discovered secreted in his buttocks. He was charged with smuggling and possessing a weapon. The second misbehavior report was prepared following a search of petitioner's cell which uncovered, among other things, certain gang-related written materials. He was charged with possessing altered items and possessing unauthorized organizational materials. Following a tier III disciplinary hearing on all of the charges, petitioner was found guilty of smuggling, possessing a weapon and possessing unauthorized organizational materials. The determination was later affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

Initially, contrary to petitioner's claim, we find that the few inaudible portions of the hearing transcript were not so significant as to preclude meaningful judicial review (*see Matter of McKethan v Selsky*, 49 AD3d 1113 [2008]). The transcript discloses that petitioner pleaded guilty to possessing a weapon and, therefore, he may not challenge the determination of guilt with respect thereto (*see Matter of Rivera v Goord*, 47 AD3d 1141 [2008]). There is nothing in the record to substantiate petitioner's claim that his guilty plea was coerced. As for the charges of smuggling and possession of unauthorized organizational materials, substantial evidence consisting of the misbehavior reports, documentary evidence and hearing testimony supports the determination of guilt (*see Matter of Credle v Selsky*, 46 AD3d 989, 990 [2007]; *Matter of Gonzalez v Goord*, 44 AD3d 1180 [2007], *lv denied* 10 NY3d 701 [2008]). In regard to petitioner's claim that he was improperly denied certain documentary evidence, we note that he should have been provided the strip frisk form. However, inasmuch as this form pertained to the charge to which petitioner pleaded guilty, such error was harmless (*see Matter of Maldonado v Selsky*, 257 AD2d 876 [1999]). Petitioner's remaining contentions are either unpreserved for our review or are lacking in merit.

Peters, J.P., Spain, Kane, Malone Jr. and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.