■ In the Matter of PAUL KAIRIS, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [862 NYS2d 646]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, placed an envelope in the facility's outgoing mail which was purportedly addressed to an attorney. Attached to the envelope was a financial disbursement form requesting that free legal postage be applied. It was subsequently determined that there was no law firm located at the address listed by petitioner. The envelope was opened and contained therein was a sealed letter to an inmate at another facility, as well as five magazine subscription cards. Two of the subscription cards bore petitioner's prison address and the other three bore the address of a woman who had visited him in prison. The address set forth on the envelope that petitioner attempted to mail proved to be that of the other inmate's sister.

Petitioner was thereafter charged in a misbehavior report with soliciting, making false statements and violating facility correspondence regulations. At the conclusion of the ensuing tier III disciplinary hearing, petitioner was found guilty of all charges. Petitioner's unsuccessful administrative appeal prompted this CPLR article 78 proceeding seeking annulment.

We confirm. To the extent that the petition can be construed as alleging that there is insufficient evidence to uphold the determination of guilt, we find that the misbehavior report, together with the confiscated documents and testimony adduced at the hearing, comprise substantial evidence in support thereof (*see Matter of Malloy v Goord*, 50 AD3d 1431 [2008]). Petitioner's remaining claims that the opening of his outgoing mail was not authorized and he was denied the right to present witness testimony have been examined and found to be unavailing.

Mercure, J.P., Peters, Lahtinen, Kane and Malone Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.