■ In the Matter of JORGE L. LINARES, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [873 NYS2d 748]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, commenced this CPLR article 78 proceeding challenging a tier III disciplinary determination finding him guilty of unauthorized exchange. We now confirm.

Contrary to petitioner's assertion, the determination of guilt is supported by substantial evidence consisting of the misbehavior report and hearing testimony from the correction officer who authored it (*see Matter of Vigliotti v Bell*, 52 AD3d 1064, 1064 [2008]). To the extent that petitioner argues that the misbehavior report was defective because it incorrectly listed his cube as the location where the documents in question were discovered, there has been no demonstration that this apparently inadvertent error prejudiced petitioner, and the report, overall, was sufficient to apprise petitioner of the charge against him and enable him to prepare a defense (*see Matter of Di Rose v New York State Dept. of Correctional Servs.*, 270 AD2d 675, 675 [2000]). As for petitioner's claim that the Hearing Officer was biased, it is neither substantiated by the record nor is there any indication that the determination in issue flowed from any purported bias (*see Matter of Sweat v Fischer*, 52 AD3d 1142, 1143 [2008]).

Petitioner's remaining contentions have been examined and are unavailing.

Cardona, P.J., Peters, Rose, Lahtinen and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.