■ In the Matter of GEORGE COMBES, Petitioner, v DALE ARTUS, as Superintendent of Clinton Correctional Facility, et al., Respondents. [877 NYS2d 920]—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following an altercation with another inmate, petitioner was charged in a misbehavior report with fighting, refusing a direct order and violent conduct.* A tier III disciplinary hearing ensued, at which petitioner pleaded guilty to fighting and not guilty to the remaining charges. At the conclusion of the hear-

---

* Although the parenthetical in the misbehavior report incorrectly identified a violation of rule 104.11 as creating a disturbance, as opposed to engaging in violent conduct (*see* 7 NYCRR 270.2 [B] [5] [ii]), petitioner did not object to this discrepancy at the administrative hearing and, in any event, the Hearing Officer correctly identified and applied the proper rule violation.

ing, petitioner was found guilty of all charges and a penalty was imposed. Upon administrative review, the direct order charge was dismissed and the penalty was modified accordingly. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge the determination of guilt.

Inasmuch as petitioner pleaded guilty to fighting, he is precluded from challenging the determination of guilt to that extent (*see Matter of Purcell v McKoy*, 54 AD3d 1113, 1114 [2008]; *Matter of Thorpe v Fischer*, 53 AD3d 1003, 1004 [2008]). As to the violent conduct charge, the misbehavior report and testimony adduced at the hearing provide substantial evidence of petitioner's guilt (*see Matter of Ponder v Fischer*, 54 AD3d 1094, 1095 [2008]). Petitioner's exculpatory testimony, as well as his claim of self-defense, presented credibility issues for the Hearing Officer to resolve (*see Matter of Dancy v Goord*, 58 AD3d 922 [2009]). Contrary to petitioner's assertion, the Hearing Officer was authorized to call a witness that had not been requested by petitioner (*see Matter of Lamage v Goord*, 285 AD2d 724 [2001], *appeal dismissed* 97 NY2d 639 [2001]). Petitioner's remaining contentions, including his assertion that this incident should have resulted in a tier II hearing, instead of a tier III hearing, are either unpreserved for our review or lacking in merit.

Cardona, P.J., Peters, Rose, Malone Jr. and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.