■ In the Matter of JESUS HERNANDEZ, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [890 NYS2d 138]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

As the result of an investigation initiated when a female prison employee received a letter at her home from an unidentified inmate, a search of petitioner's cell was conducted, pursuant to which an address book was found that contained the names, addresses, birth dates and telephone numbers of one former and two current female prison employees, including the recipient of the letter. Petitioner was thereafter served with a misbehavior report charging him with harassment, possession of personal information and violation of correspondence procedures for having sent the letter and solicitation for having paid a civilian to acquire the personal information. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. On administrative appeal, petitioner's penalty was reduced, but the determination was otherwise affirmed. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, hearing testimony and documentary evidence, including the offending letter, petitioner's address book and a sample of petitioner's handwriting, provide substantial evidence to support the determination of petitioner's guilt (*see Matter of Kairis v Fischer*, 54 AD3d 462, 463 [2008]; *Matter of Koehl v Fischer*, 52 AD3d 1070, 1071 [2008], *appeal dismissed* 11 NY3d 809 [2008]). Notably, an investigator from the Inspector General's office testified that

petitioner admitted to him that he had paid someone outside the prison to research personal information on the employees.

We find that petitioner's challenges to the misbehavior report lack merit, inasmuch as the author investigated the matter to ascertain the facts before he wrote the report (*see* 7 NYCRR 251-3.1 [b]; *Matter of Rivera v Selsky,* 43 AD3d 1210, 1210 [2007]) and the report sufficiently apprised petitioner of the charges against him which enabled him to prepare a defense (*see Matter of Umoja v Bezio,* 64 AD3d 1066 [2009]; *Matter of Linares v Fischer,* 59 AD3d 761 [2009], *lv denied* 12 NY3d 709 [2009]). Lastly, we have examined the record and find no evidence that the Hearing Officer was biased or that the determination flowed from any bias (*see Matter of Gimenez v Artus,* 63 AD3d 1461, 1462 [2009]; *Matter of Chavis v Goord,* 58 AD3d 954, 955 [2009]).

We have examined petitioner's remaining contentions and find them to be either unpreserved or without merit.

Peters, J.P., Spain, Rose, Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.