■ In the Matter of EDWARD BROWN, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [904 NYS2d 511]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following the discovery of a substantial amount of marihuana in a package mailed to the correctional facility, a misbehavior report was issued charging petitioner with soliciting the smuggling of, and conspiring to possess, the marihuana, as well as violating package room and correspondence procedures. At a tier III disciplinary hearing, petitioner pleaded guilty to the smuggling and correspondence violation charges and was found

guilty of the others. Upon administrative appeal, the determination was modified to the extent of reducing the penalty imposed, and this CPLR article 78 proceeding ensued.

We confirm. Petitioner is precluded from challenging the determination of guilt with regard to those charges he pleaded guilty to (*see Matter of McMoore v Bezio*, 67 AD3d 1218 [2009]; *Matter of Dancy v Goord*, 58 AD3d 922, 923 [2009]). As for the conspiracy and package room violation charges, the misbehavior report, documentary evidence and hearing testimony provide substantial evidence supporting the determination of guilt (*see Matter of Thorpe v Fischer*, 53 AD3d 1003, 1004 [2008]; *Matter of Ermmarino v New York State Dept. of Correctional Servs.*, 43 AD3d 517, 517 [2007]).* Contrary to petitioner's contention, the rule prohibiting drug possession was violated when he conspired to bring the marihuana into the facility (*see Matter of Sanders v LaClair*, 67 AD3d 1226, 1227 [2009]).

Mercure, J.P., Peters, Lahtinen, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* The misbehavior report incorrectly identified the charge alleging a conspiracy to possess drugs as a conspiracy to smuggle; nevertheless, the correct rule number was cited, petitioner failed to object to this discrepancy at the hearing and the Hearing Officer identified and applied the appropriate rule violation (*see Matter of Combes v Artus*, 62 AD3d 1134, 1134 n [2009]).