■ In the Matter of JEAN MORUSMA, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [906 NYS2d 109]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

When a female correction officer failed to respond to a series of personal questions asked by petitioner, petitioner proceeded to stare at her in a manner that made her uncomfortable. He continued to stare at her even after she directed him to stop. As a result, petitioner was charged in a misbehavior report with stalking, harassment and refusing a direct order. Following a tier III disciplinary hearing, he was found guilty of the charges. On administrative appeal, the stalking charge was dismissed, but the determination of guilt was upheld with respect to the remaining charges. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the testimony of its author, provide substantial evidence supporting the determination of guilt (*see Matter of Williams v Fischer*, 69 AD3d 1278, 1278 [2010]; *Matter of Crews v O'Keefe*, 283 AD2d 692, 693 [2001]). Petitioner's contrary version of events presented a credibility issue for the Hearing Officer to resolve (*see Matter of Lashley v Goord*, 39 AD3d 1105, 1106 [2007]). We reject petitioner's claim that the hearing was not completed in a timely manner inasmuch as proper extensions were obtained and the hearing was completed within the time specified in the second extension (*see Matter of Ifill v Fischer*, 72 AD3d 1367,

---

1368 [2010]; *Matter of McKinley v Goord*, 44 AD3d 1164 [2007]). Petitioner's challenge to the sufficiency of the misbehavior report has not been preserved for our review.

Cardona, P.J., Rose, Lahtinen, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.