■ In the Matter of JESSIE ENGLES, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Respondents. [913 NYS2d 783]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

While petitioner was in line to enter the law library, a routine pat frisk of inmates was conducted and the folder that petitioner was carrying was searched by a correction officer. Inside the folder, the officer found documents, some of which had been altered, including a photocopy of a check for a substantial sum of money made out to petitioner and a law firm. As a result,

petitioner was charged in a misbehavior report with smuggling and forgery. He was found guilty of the charges following a tier III disciplinary hearing, and the determination was later affirmed on administrative review. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the testimony of the correction sergeant who authored it and the correction officer who conducted the search, as well as the documents that were confiscated, provide substantial evidence supporting the determination of guilt (*see Matter of Brown v Fischer*, 73 AD3d 1362 [2010]; *Matter of Hernandez v Fischer*, 67 AD3d 1225, 1225 [2009]). Contrary to petitioner's claim, there was no violation of the procedure set forth in 7 NYCRR 721.3 for viewing inmate correspondence inasmuch as the search of the folder containing the subject documents was done pursuant to a random pat frisk of inmates going to the law library. Furthermore, there is no indication in the record that the Hearing Officer was biased or that the determination at issue flowed from any alleged bias (*see Matter of Lewis v Fischer*, 67 AD3d 1241, 1242 [2009]; *Matter of Mobley v Dubray*, 57 AD3d 1055, 1056 [2008]). Petitioner's remaining contentions have either not been preserved for our review or are lacking in merit.

Peters, J.P., Rose, Malone Jr., McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.