■ In the Matter of SHAWN GREEN, Petitioner, v MARK L. BRADT, as Superintendent of Elmira Correctional Facility, Respondent. [914 NYS2d 739]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was served with a misbehavior

report in September 2009 charging him with refusing a direct order and violating mess hall procedures after he took an extra brownie and began to eat it while still in the chow line. When a correction officer gave petitioner a direct order to put one brownie back, he returned the partially eaten brownie and refused to return the intact brownie when specifically instructed to do so. Following a tier II disciplinary hearing, petitioner was found guilty of both charges and that determination was affirmed on administrative appeal. Petitioner thereafter commenced this CPLR article 78 proceeding, which was transferred to this Court.

The detailed misbehavior report and the testimony of its author provide substantial evidence to support the determination of guilt (*see Matter of Morusma v Fischer*, 74 AD3d 1675 [2010]; *Matter of Green v Bradt*, 69 AD3d 1269, 1270 [2010], *lv denied* 14 NY3d 710 [2010]). Petitioner's contention that his actions were the result of a medical condition presented a credibility question to be resolved by the Hearing Officer (*see Matter of Padilla v Fischer*, 76 AD3d 742 [2010], *lv denied* 15 NY3d 714 [2010]; *Matter of Sterling v Fischer*, 75 AD3d 709 [2010]). We are unpersuaded by petitioner's allegation that the hearing was untimely, as the record demonstrates that the proper extensions were obtained and the proceedings completed within the necessary time frames (*see Matter of Reese v Bezio*, 75 AD3d 1029, 1030 [2010]; *Matter of Morusma v Fischer*, 74 AD3d at 1675). We further find that the determination resulted from the evidence presented at the hearing, rather than any alleged hearing officer bias (*see Matter of Covington v Smith*, 75 AD3d 708 [2010]).

Finally, we note that petitioner's additional arguments pertaining to an unrelated disciplinary proceeding that was dismissed by Supreme Court (Cerio, Jr., J.) in a separate judgment entered March 26, 2010, and apparently not appealed by petitioner, are not properly before this Court and will not be addressed.

Cardona, P.J., Spain, Lahtinen, Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.