■ In the Matter of MICIAIHUS WATSON, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [919 NYS2d 545]—

After petitioner, a prison inmate, was identified as one of a group who engaged in a confrontation with correction officers, he was served with a misbehavior report charging him with multiple disciplinary infractions. Following a tier III disciplinary hearing, he was found guilty of demonstration, interference and creating a disturbance, but was found not guilty of violent conduct, threats and harassment. That determination was affirmed on administrative appeal and petitioner, thereafter, commenced this CPLR article 78 proceeding.

Initially, we find that the misbehavior report, the hearing testimony of a correction officer present at the incident and petitioner's own testimony that he was present at the scene when the response team arrived provide substantial evidence to support the determination of guilt with regard to the charges of demonstration and creating a disturbance (*see Matter of Ortiz v Fischer*, 75 AD3d 1042, 1042 [2010]; *Matter of Owens v Fischer*, 75 AD3d 1020, 1021 [2010]). Petitioner's testimony, and that of his inmate witnesses, that he did not participate in the altercation presented a credibility question for the Hearing Officer to

resolve (*see Matter of Perez v Bezio*, 76 AD3d 1134 [2010]; *Matter of Truman v Fischer*, 75 AD3d 1019, 1020 [2010]). In addition, contrary to petitioner's contention, we find that the misbehavior report was sufficient to put him on notice of the charges against him and allow him to prepare a defense (*see Matter of Pante v Goord*, 73 AD3d 1394, 1395 [2010]; *Matter of Edwards v Leclaire*, 71 AD3d 1199, 1200 [2010]). Finally, with regard to these charges, we find that, despite frequent gaps in the hearing transcript, it was not so deficient as to preclude meaningful review (*see Matter of Reese v Bezio*, 75 AD3d 1029, 1030 [2010]).

However, we reach a different conclusion with regard to the charge of interference. The Hearing Officer's sole basis for finding petitioner guilty of this charge was the testimony of a fellow inmate who alleged that petitioner advised him not to cooperate with investigating officers. However, meaningful review is precluded because the hearing transcript of this inmate's testimony is incomplete and contains no statements to support the Hearing Officer's conclusion. As such, we must annul that part of the determination and remit the matter for a new hearing on that charge (*see Matter of White v Fischer*, 73 AD3d 1372, 1373 [2010]; *Matter of La Van v New York State Dept. of Correctional Servs.*, 47 AD3d 1153 [2008]).

Petitioner's remaining contentions have been reviewed and we find them lacking in merit.

Peters, J.P., Lahtinen, Malone Jr., Stein and Egan Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of interference; matter remitted to the Commissioner of Correctional Services for further proceedings on that charge; and, as so modified, confirmed.