■ In the Matter of KEVIN WEEMS, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Respondents. [919 NYS2d 548]—

Peters, J.

Petitioner, a prison inmate, commenced this CPLR article 78 proceeding to challenge one tier II prison disciplinary determination and five tier III prison disciplinary determinations. The tier II disciplinary determination found him guilty of refusing a direct order and failure to maintain cell orderliness. The first tier III determination, rendered in May 2009, found him guilty of unauthorized exchange, unauthorized possession and possession of an altered document. The second tier III determination, rendered in June 2009, found him guilty of refusing a direct or-

der, creating a disturbance, interference and verbal harassment. The third tier III determination, rendered on July 12, 2009, found him guilty of making false statements, unauthorized exchange, violation of correspondence procedures and providing unauthorized legal assistance. The fourth tier III determination, rendered July 22, 2009, found him guilty of refusing a direct order, interference, failure to comply with frisk procedures and disturbing facility order. The fifth tier III determination, rendered July 15, 2009, found him guilty of committing an unhygienic act.

Initially, we note that Supreme Court did not err in transferring this proceeding, inasmuch as petitioner has raised a question of substantial evidence with regard to each disciplinary determination (see Matter of Abreu v Bezio, 71 AD3d 1341, 1341 [2010], appeal dismissed 15 NY3d 836 [2010]). Furthermore, inasmuch as the Attorney General has informed this Court that the determination rendered July 15, 2009 has been administratively reversed and all references thereto expunged from petitioner's institutional record, that part of the petition has been rendered moot (see Matter of Arroyo v Fischer, 77 AD3d 1002, 1003 [2010]; Matter of Watson v Fischer, 73 AD3d 1303, 1304 [2010]).

With regard to the tier II determination, the record does not demonstrate that petitioner filed a timely administrative appeal and, therefore, our review is precluded by his failure to exhaust his administrative remedies (see Matter of Ifill v Fischer, 79 AD3d 1322, 1322 [2010]; Matter of Hendricks v Franklin Correctional Facility, 249 AD2d 856 [1998]).

Turning to the remaining tier III determinations, we confirm the May 2009 determination. Petitioner pleaded guilty to unauthorized exchange and possession, admitting that he did not have permission to possess the typewriter at issue, precluding his challenge to the finding of guilt on those charges (see Matter of Rodriguez v Fischer, 76 AD3d 1131, 1131-1132 [2010]; Matter of Brown v Fischer, 73 AD3d 1362, 1363 [2010]). Furthermore, we find that substantial evidence supported the finding of guilt with regard to possession of an altered document based upon the detailed misbehavior report and a copy of the document itself, an altered permit (see Matter of Engles v Fischer, 78 AD3d 1410, 1411 [2010]; Matter of Hernandez v Fischer, 67 AD3d 1225, 1225 [2009]). We also find that substantial evidence supports the June 2009 determination, where the detailed misbehavior report, the hearing testimony and the videotape of the events reveal that, after correction officers found contraband in petitioner's cell, he became verbally abusive, refused a direct or-

der to close a cell door and was kicking his cell door and yelling, ignoring all direction from staff (*see Matter of Porter v Goord*, 47 AD3d 978, 979 [2008]).

With regard to the July 12, 2009 determination, we note that petitioner pleaded guilty to the charges of making false statements and providing unauthorized legal assistance (*see Matter of Rodriguez v Fischer*, 76 AD3d at 1131-1132). Furthermore, we find that the detailed misbehavior report, hearing testimony and documentary evidence provides substantial evidence to support the finding of guilt on the remaining charges (*see Matter of Green v Bezio*, 76 AD3d 1135, 1135 [2010]; *Matter of McDaniels v Bezio*, 76 AD3d 1129, 1129 [2010]). Finally, with regard to the July 22, 2009 determination, we find that the misbehavior reports, hearing testimony and videotapes provide substantial evidence to support the determination of guilt (*see Matter of Porter v Goord*, 47 AD3d at 979).

Contrary to petitioner's contentions, we find that the hearing transcripts, while containing minor gaps, were sufficient to facilitate meaningful judicial review (*see Matter of Reese v Bezio*, 75 AD3d 1029, 1030 [2010]; *Matter of Taylor v Fischer*, 74 AD3d 1677, 1677-1678 [2010]). We are also satisfied, upon our review of the record, that the findings of guilt rendered against petitioner were a result of the evidence presented against him, rather than from alleged hearing officer bias (*see Matter of Lamphear v Fischer*, 76 AD3d 1166 [2010]).

We have examined petitioner's remaining contentions and have found them to be either unpreserved for our review or without merit.

Mercure, J.P., Malone Jr., Kavanagh and Stein, JJ., concur. Adjudged that the portion of the petition challenging the July 15, 2009 tier III determination is dismissed, as moot, without costs. Adjudged that the portion of the petition challenging the tier II determination is dismissed, without costs. Adjudged that the remaining tier III determinations are confirmed, without costs, and petition dismissed to that extent.