■ In the Matter of MITCHELL KALWASINSKI, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [929 NYS2d 777]—

Petitioner, a prison inmate, complained to correction officers that the water in his cell was not working properly. When an officer informed him that a work order would be submitted, petitioner began banging on his cell and encouraging other inmates to do the same, while shouting obscenities and threats at the officer. As a result, petitioner was served with a misbehavior report charging him with making threats and disturbing facility order. He was found guilty of those charges following a tier III disciplinary hearing and that determination was affirmed on administrative review, prompting this CPLR article 78 proceeding.

We confirm. The misbehavior report, hearing testimony of the officer present during the incident and the videotape of the incident provide substantial evidence to support the determina-

tion of guilt (*see Matter of Abreu v Fischer*, 83 AD3d 1348, 1348 [2011]; *Matter of Weems v Fischer*, 82 AD3d 1454, 1455-1456 [2011]). Petitioner's testimony and that of his inmate witness that petitioner was not the person yelling at the officer raised a question of credibility to be resolved by the Hearing Officer (*see Matter of Jackson v Prack*, 84 AD3d 1660, 1660 [2011]; *Matter of Watson v New York State Dept. of Correctional Servs.*, 82 AD3d 1435, 1435-1436 [2011]). Petitioner's claims that he was denied certain witnesses and documentary evidence at the hearing are unpreserved for our review based upon his failure to make appropriate objections during the hearing (*see Matter of Barclay v Knowles*, 79 AD3d 1550, 1551 [2010]; *Matter of Hawkins v Fischer*, 72 AD3d 1378, 1379 [2010]). Finally, the record demonstrates that the finding of guilt resulted from the evidence presented at the hearing, rather than the alleged bias of the Hearing Officer (*see Matter of Weems v Fischer*, 82 AD3d at 1456).

We have examined petitioner's remaining contentions and have found them to be either unpreserved or without merit.

Mercure, J.P., Peters, Rose, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.