■ In the Matter of MICHAEL WILLIAMS, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, et al., Respondents. [932 NYS2d 915]—

When a correction officer witnessed petitioner exiting a classroom and began to question him, petitioner became argumentative and ignored several direct orders to return to his cell. Petitioner then took an offensive stance and struck the officer in the chin, after which several officers physically restrained him while he continued to struggle despite numerous orders to stop resisting. As a result, petitioner was served with a misbehavior report charging him with assaulting staff, violent conduct, refusing a direct order, disturbing facility order and being out of place. Following a tier III disciplinary hearing, petitioner was found guilty of all charges except being out of place. That determination was affirmed on administrative appeal, after which petitioner commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report, testimony of the correction officer involved in the incident and supporting documentation provide substantial evidence to support the determination of guilt (*see Matter of Williams v Fischer*, 84 AD3d 1661, 1662 [2011], *lv denied* 17 NY3d 711 [2011]; *Matter of Jackson v Prack*, 84 AD3d 1660, 1660 [2011]). The testimony of petitioner and his inmate witnesses, who testified that the correction officer initiated the physical altercation with petitioner, presented a credibility question to be resolved by the Hearing Officer (*see Matter of Watson v New York State Dept. of Correctional Servs.*, 82 AD3d 1435, 1435-1436 [2011]; *Matter of Barton v New York State Dept. of Correctional Servs.*, 81 AD3d 1029, 1030 [2011]).

Turning to petitioner's procedural contentions, the record reveals that the required extensions were appropriately requested and granted (*see Matter of Boggs v Martuscello*, 84 AD3d 1625, 1626 [2011]; *Matter of Tafari v Fischer*, 82 AD3d 1430, 1430 [2011], *lv denied* 17 NY3d 702 [2011]). Similarly, our review demonstrates that the determination of guilt was the result of evidence presented at the hearing, rather than any alleged hearing officer bias (*see Matter of Weems v Fischer*, 82 AD3d 1454, 1456 [2011]; *Matter of Mayo v Fischer*, 82 AD3d 1421, 1422 [2011], *lv denied* 17 NY3d 702 [2011]).

Petitioner's remaining contentions have been examined and found to be either unpreserved or without merit.

Mercure, J.P., Rose, Malone Jr., Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.