■ In the Matter of LUIS NUNEZ, Petitioner, v DAVID M. UNGER, as Superintendent of Wyoming Correctional Facility, Respondent. [939 NYS2d 734]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

An inmate was observed cleaning blood from the floor of his cell after sustaining multiple stab wounds. An investigation revealed that he had been involved in a fight with petitioner in the bathroom and that, after the initial confrontation, petitioner stabbed him a number of times with a silver weapon. As a result, petitioner was charged in a misbehavior report with fighting, engaging in violent conduct, possessing a weapon, assaulting an inmate and failing to report an injury. He was found guilty of the charges at the conclusion of a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Petitioner challenges the sufficiency of the evidence supporting the determination at issue. As petitioner pleaded guilty to the charge of failing to report an injury, he is precluded from challenging the sufficiency of the evidence supporting this charge (*see Matter of Martinez v Fischer*, 82 AD3d 1380, 1380 [2011]; *Matter of Wilson v Dubray*, 54 AD3d 1089, 1090 [2008]). As for the remaining charges, the misbehavior report, together with the testimony of its author, the correction officer who discovered the inmate bleeding in his cell, as well as the inmate himself, provide substantial evidence supporting the determina-

tion (*see Matter of Brown v Selsky*, 49 AD3d 1108 [2008]; *Matter of Ramos v Selsky*, 48 AD3d 863, 864 [2008]). Any inconsistencies in the testimony or contrary testimony of petitioner and his inmate witnesses presented a credibility issue for the Hearing Officer to resolve (*see Matter of McLaughlin v Fischer*, 69 AD3d 1071, 1072 [2010]; *Matter of Gaines v Fischer*, 67 AD3d 1080, 1081 [2009]). Moreover, it was not necessary for the correction officer who observed the inmate bleeding to endorse the misbehavior report insofar as she did not have personal knowledge of the facts surrounding the assault (*see* 7 NYCRR 251-3.1 [b]; *see also Matter of Shaw v Coughlin*, 152 AD2d 832, 832 [1989]). We have considered petitioner's remaining contentions and find them either unpreserved for our review or lacking in merit.

Peters, J.P., Rose, Lahtinen, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.