■ In the Matter of DUPREE HARRIS, Petitioner, v JOSEPH T. SMITH, as Superintendent of Shawangunk Correctional Facility, Respondent. [943 NYS2d 918]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

A correction officer heard a commotion from behind him while a group of inmates were returning to their cells. When he turned around, he observed petitioner and another inmate in close contact exchanging words and clenching their fists. He noticed that the other inmate had a torn shirt with blood on it and his hand was bleeding. As a result, petitioner was charged in a misbehavior report with engaging in violent conduct, and he was found guilty of the charge following a tier II disciplinary hearing. The determination was later affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

We confirm. The correction officer who authored the misbehavior report testified that he observed petitioner and the other inmate engaged in a standoff after exchanging words and believed that they had had a physical altercation. This testimony, together with the detailed misbehavior report, provide substantial evidence supporting the determination of guilt (see Matter of Garcia v Bertone, 91 AD3d 1217, 1218 [2012]; Matter of Green v Bradt, 79 AD3d 1566, 1567 [2010], lv denied 16 NY3d 709 [2011]). Petitioner's testimony and that of the other inmate that there was no physical altercation between the two presented a credibility issue for the Hearing Officer to resolve (see Williams v Fischer, 89 AD3d 1333, 1333 [2011]; Matter of Barnes v Prack, 87 AD3d 1216, 1217 [2011]). Therefore, we find no reason to disturb respondent's determination.

Rose, J.P., Lahtinen, Kavanagh, Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.