In the Matter of DANIEL CONNELLY, Petitioner, v PATRICK GRIFFIN, as Superintendent of Sullivan Correctional Facility, Respondent. [955 NYS2d 441]—

We confirm. At the disciplinary hearing, the recreation worker testified to the statements he overheard petitioner make in the gym and indicated that he thought such statements were directed at him and were threatening, particularly in view of his disagreement with petitioner the previous day. This testimony, together with the misbehavior report, provide substantial evidence supporting the determination of guilt (*see Matter of Roncini v Goord*, 18 AD3d 1086, 1087 [2005]; *Matter of Jamison v Goord*, 8 AD3d 860, 860 [2004]). The contrary testimony of petitioner and his inmate witnesses presented a credibility issue for the Hearing Officer to resolve (*see Matter of Kalwasinski v Fischer*, 87 AD3d 1207, 1208 [2011]; *Matter of Watson v New York State Dept. of Correctional Servs.*, 82 AD3d 1435, 1435-1436 [2011]). Moreover, we reject petitioner's claim that the disciplinary determination at issue is barred by the doctrine of res judicata. The prior disciplinary determination, which was the result of petitioner's guilty plea, arose from the abusive and threatening statement that petitioner made to the recreation worker the previous day and was totally separate from the incident in the gym (*see Matter of Calcaterra v Fischer*, 73 AD3d 1370, 1371 [2010]; *Matter of Murdough v Goord*, 37 AD3d 915, 916 [2007]). Consequently, it did not have any preclusive effect. We have considered petitioner's remaining contentions and find them to be unpersuasive.

Peters, P.J., Mercure, Malone Jr., Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.