■ In the Matter of BRIAN TUITT, Petitioner, v DANIEL MARTUSCELLO, Respondent. [965 NYS2d 669]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Greene County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

After a correction officer observed that petitioner had his cell window completely covered by a towel, which obstructed the officer's view inside the cell, he instructed petitioner to remove it. Petitioner advised the officer that he was using the toilet. The officer directed petitioner to take the towel down when he was finished and not to cover the window again regardless of what he was doing. Petitioner became agitated and engaged in a verbal exchange with the officer during which he swore and complained that the officers treated the inmates in an inhumane manner and stated that "if you guys keep it up then one day someone is going to get hurt." As a result, he was charged in a

misbehavior report with making threats, interfering with an employee and harassment. Petitioner was found guilty of the charges following a tier II disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The detailed misbehavior report provides substantial evidence supporting the determination of guilt (*see Matter of Walker v Bezio*, 96 AD3d 1268 [2012]; *Matter of Povoski v Fischer*, 93 AD3d 963, 964 [2012], *appeal dismissed* 19 NY3d 1020 [2012]). To the extent that petitioner's testimony and that of his inmate witnesses contradicted the statements contained in the misbehavior report, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of Harris v Smith*, 95 AD3d 1527 [2012]; *Matter of Williams v Fischer*, 92 AD3d 1053, 1054 [2012]). Likewise, petitioner's assertion that the misbehavior report was written in retaliation for a published newspaper article that was critical of correction officers' treatment of inmates also presented a credibility issue for the Hearing Officer to resolve (*see Matter of McPherson v Lee*, 101 AD3d 1330, 1331 [2012]; *Matter of Crenshaw v Fischer*, 87 AD3d 1189, 1190 [2011]). Furthermore, upon reviewing the record, we find no merit to petitioner's contention that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Wright v Fischer*, 98 AD3d 759, 760 [2012]; *Matter of Webb v Leclaire*, 52 AD3d 1131, 1133 [2008]). Petitioner's remaining claims have either not been preserved for our review or are unpersuasive.

Peters, P.J., Rose, Lahtinen and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.