■ In the Matter of MARC LEWIS, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [976 NYS2d 629]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was served with two misbehavior reports, one for an incident that occurred on July 10, 2012 and the other for an incident that occurred on August 10, 2012. In the first misbehavior report, petitioner was charged with making threats, creating

---

a disturbance, refusing a direct order and harassment. At the tier III disciplinary hearing held to address the first misbehavior report, petitioner pleaded not guilty to making threats and pleaded guilty to the remaining charges. Following the hearing, petitioner was found not guilty of making threats, and guilty of the other charges. This determination was affirmed on administrative appeal. In the second misbehavior report, petitioner was charged with refusing a direct order, interfering with an employee, harassment, creating a disturbance and violating mess hall procedures after he refused to return his food trays. Following a tier III disciplinary hearing, petitioner was found guilty as charged. On administrative appeal, the interference charge was dismissed, but the remainder of the determination was upheld. Petitioner thereafter commenced this CPLR article 78 proceeding challenging both disciplinary determinations.

We confirm. Petitioner is precluded from challenging the determination of guilt with regard to those charges in the first misbehavior report to which he pleaded guilty (*see Matter of Valdez v Fischer*, 100 AD3d 1213, 1213 [2012]). Further, to the extent that the first misbehavior report incorrectly identified the charge alleging harassment as interfering with an employee, the correct rule number was cited, petitioner failed to object to the discrepancy at the hearing, and the Hearing Officer applied the appropriate rule (*see Matter of Brown v Fischer*, 73 AD3d 1362, 1363 n [2010]; *Matter of Combes v Artus*, 62 AD3d 1134, 1135 n [2009]).

With regard to the second determination, the misbehavior report and the hearing testimony of its author provide substantial evidence to support the determination of guilt (*see Matter of Ventimiglia v New York State Dept. of Correctional Servs.*, 94 AD3d 1327, 1328 [2012]; *Matter of Green v Bradt*, 79 AD3d 1566, 1567 [2010], *lv denied* 16 NY3d 709 [2011]). We reject petitioner's contention that he was improperly denied a videotape of the incident. The record reflects that a videotape of the date of the incident was played at the hearing. Although petitioner requested more videotapes, it was established at the hearing that no other videotapes existed (*see Matter of Davis v Fischer*, 83 AD3d 1356, 1357 [2011]; *Matter of Hayes v Fischer*, 78 AD3d 1396, 1397 [2010]).

Rose, J.P., Stein, Garry and Egan Jr., JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.