■ In the Matter of JEFFREY COLLINS, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [979 NYS2d 193]—

We confirm. The misbehavior report, together with the testimony of the recipient of the note and the captain to whom she reported the incident, provide substantial evidence supporting the determination of guilt (*see Matter of Monroe v Fischer*, 87 AD3d 1300, 1301 [2011]; *Matter of Morusma v Fischer*, 74 AD3d 1675, 1675 [2010]). The contrary testimony of petitioner and his inmate witness presented a credibility issue for the Hearing Officer to resolve (*see Matter of Connelly v Griffin*, 101 AD3d 1211, 1212 [2012]; *Matter of Truman v Fischer*, 75 AD3d 1019, 1020 [2010]). Petitioner's claim that he was improperly denied documentary evidence, specifically the note, and that this violated his due process right to put forth a defense is unpersuasive. The captain to whom the note was given explained that it had apparently been lost sometime after he placed it in the correction officer's mailbox with instructions to prepare a misbehavior report. After he became aware that the note had been lost, the captain prepared a memorandum confirming its contents. Inasmuch as there is nothing in the record to indicate that the failure to produce the note was done in bad faith, there was no due process violation (*see Matter of Russell v Selsky*, 50 AD3d 1412, 1413 [2008]; *Matter of Morgan v Goord*, 10 AD3d 792, 793 [2004]). We have reviewed petitioner's remaining contentions and also find them to be lacking in merit.

Peters, P.J., Lahtinen, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.