Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating a prison disciplinary rule.
Petitioner, an inmate, was charged with various crimes related to having conspired from prison to murder a witness who had testified against him in relation to his underlying conviction. He ultimately pleaded guilty to conspiracy in the second degree, a felony. As a result, petitioner was found guilty after an April 12, 2012 tier III disciplinary hearing of violating the prison disciplinary rule that prohibits one from being convicted of a felony while incarcerated. He commenced a CPLR article 78 proceeding seeking annulment of the determination and expungement of same from his institutional record. Supreme Court agreed that he had been denied the right to call certain witnesses and annulled the determination, but remitted the matter for a new hearing. Insofar as petitioner did not receive all the relief that he requested, he appealed to this Court and we affirmed (Matter of Hand v Gutwein, 113 AD3d 975 [2014], lv denied 22 NY3d 866 [2014]).
At the conclusion of a new tier III disciplinary hearing on the charge, petitioner was found guilty and a penalty of 60 months in the special housing unit and a loss of privileges was imposed. The determination was affirmed on administrative appeal, with the penalty reduced to 36 months in the special housing unit. This CPLR article 78 proceeding ensued.*
We confirm. Petitioner’s contention that the requirements of *1246 7 NYCRR 251-2.2 (f) were not satisfied is without merit, as the record reflects that the review officer for the misbehavior report did not also act as the Hearing Officer (see Matter of Murdough v Goord, 37 AD3d 915, 915-916 [2007]). Nor is there any support in the record for petitioner’s claims that the Hearing Officer was biased or that he was otherwise denied a fair hearing (see Matter of Collins v Fischer, 109 AD3d 1040, 1040 [2013], lv dismissed 23 NY3d 954 [2014]). The record does not sustain petitioner’s contention that his plea of guilty to the conspiracy charge was conditioned on a promise that no administrative penalty would be pursued. Finally, given the serious nature of the underlying criminal conduct, we do not find the penalty imposed to be excessive (see Matter of Di Rose v New York State Dept. of Correction, 228 AD2d 868, 869 [1996]). Petitioner’s remaining claims have been considered and found to be without merit.
Stein, J.E, Garry, Egan Jr., Lynch and Clark, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.

 Although the proceeding should not have been transferred inasmuch as the petition does not raise a question of substantial evidence, we nevertheless will retain jurisdiction and address the merits in the interest of judicial economy (see Matter of Possert v Fischer, 106 AD3d 1350, 1350 n [2013]).