Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Cor *1037 rections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged with multiple prison disciplinary violations arising from three separate incidents all of which occurred on June 18, 2013. The first misbehavior report charged him with stalking, making threats and harassment. The second misbehavior report charged him with possessing contraband. The third misbehavior report, which was prepared after petitioner was found to be in possession of an altered pair of state-issued pants and an extra pair of headphones, charged him with possessing an altered item as well as contraband. Following a tier III disciplinary hearing on the three misbehavior reports, petitioner was found guilty of all charges. On administrative appeal, the determination was modified by dismissing the stalking charge and reducing the penalty. This CPLR article 78 proceeding ensued.
With respect to the charges in the first and second misbehavior reports for which petitioner was found guilty, respondent concedes that procedural irregularities mandate annulment of that part of the determination finding petitioner guilty of these charges and, upon reviewing the record, we agree. Accordingly, we annul that part of the determination, but need not remit the matter for a redetermination of the penalty given that no loss of good time was imposed and petitioner has already served the penalty (see Matter of Brown v New York State Dept. of Corrections & Community Supervision, 119 AD3d 1205, 1206 [2014]; Matter of Fulmore v Brack, 116 AD3d 1281, 1282 [2014]). We reach a different conclusion with regard to that part of the determination finding petitioner guilty of the charges contained in the third misbehavior report. The detailed misbehavior report provides substantial evidence supporting petitioner’s guilt of possessing an altered item and contraband (see Matter of Bermudez v Fischer, 107 AD3d 1269, 1270 [2013]; Matter of Tuitt v Martuscello, 106 AD3d 1355, 1356 [2013], lv denied 21 NY3d 865 [2013]).* Contrary to petitioner’s claim, the record does not reveal that the Hearing Officer was biased or that the determination of guilt flowed from any alleged bias (see Matter of Paddy fote v Fischer, 118 AD3d 1240, 1241 [2014]; Matter of McClough v Fischer, 118 AD3d 1228, 1229 [2014]). Therefore, that part of the determination finding petitioner guilty of these charges is confirmed.
Peters, P.J., McCarthy, Garry and Clark, JJ., concur.
Adjudged that the determination is modified, without costs, by *1038 annulling so much thereof as found petitioner guilty of making threats, harassment and possessing contraband as charged in the first and second misbehavior reports; petition granted to that extent and the Commissioner of Corrections and Community Supervision is directed to expunge all references to these charges from petitioner’s institutional record; and, as so modified, confirmed.

 We note further that petitioner admitted to possessing an extra set of earphones, which was not authorized.