## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  July 28, 2016                    521798
_____

In the Matter of PAUL KAIRIS,
                    Petitioner,

      v

JOSEPH T. SMITH, as                      MEMORANDUM AND JUDGMENT
    Superintendent of Shawangunk
    Correctional Facility,
                    Respondent.
_____

Calendar Date:  June 6, 2016

Before:  Lahtinen, J.P., Garry, Rose, Devine and Aarons, JJ.

_____

      Paul Kairis, Wallkill, petitioner pro se.

      Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

      Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Columbia County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

      Petitioner confronted a female correction officer after he missed the call out for the morning meal run.  He proceeded to shout at the officer in the presence of other inmates and called her a liar.  As a result, he was charged in a misbehavior report with harassment, creating a disturbance and being out of place. Following a tier II disciplinary hearing, he was found guilty of the former two charges, but not guilty of the third.  The determination was later affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the testimony of the correction officer who prepared it, provide substantial evidence supporting the determination of guilt (see Matter of Lewis v Fischer, 112 AD3d 1194, 1195 [2013]; Matter of Vigliotti v Bell, 52 AD3d 1064 [2008]). The contrary testimony of petitioner and his inmate witnesses presented a credibility issue for the Hearing Officer to resolve (see Matter of Connelly v Griffin, 101 AD3d 1211, 1212 [2012]; Matter of Hale v Selsky, 57 AD3d 1136, 1137 [2008], appeal dismissed 12 NY3d 776 [2009]). Moreover, we find no merit to petitioner's claim that the misbehavior report was not properly endorsed in accordance with the requirements of 7 NYCRR 251-3.1 (b) given that the other correction officers who were present in the area did not hear the confrontation and, consequently, did not have personal knowledge of the facts (see Matter of Nieves v Annucci, 123 AD3d 1368, 1369 [2014]; Matter of Nunez v Unger, 93 AD3d 986, 987 [2012]). Contrary to petitioner's claim, the misbehavior report contained sufficient detail to apprise him of the charges to enable him to prepare a defense (see Matter of Ayala v Fischer, 107 AD3d 1191, 1192 [2013]; Matter of Watson v New York State Dept. of Correctional Servs., 82 AD3d 1435, 1436 [2011]). Petitioner's contention that the Hearing Officer failed to conduct a proper inquiry into an inmate's refusal to testify is not preserved for our review given that he acceded to the inmate's refusal at the hearing and did not object to the Hearing Officer's failure to undertake a further inquiry (see generally Matter of Tafari v Selsky, 36 AD3d 982, 983 [2007], lv denied 8 NY3d 809 [2007]). We have considered petitioner's remaining arguments and find them to be unpersuasive.

Lahtinen, J.P., Garry, Rose, Devine and Aarons, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court