*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 15, 2016                    522255
_____

In the Matter of ROBERTO
    DEJESUS,
                        Petitioner,

        v

                                        MEMORANDUM  AND  JUDGMENT

DONALD VENETTOZZI, as Acting
    Director of Special Housing
    and Inmate Disciplinary
    Programs,
                        Respondent.
_____


Calendar Date:   October 25, 2016

Before:  Peters, P.J., McCarthy, Rose, Mulvey and Aarons, JJ.

_____

        Robert Dejesus, Attica, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Owen Demuth
of counsel), for respondent.

_____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision finding petitioner guilty of violating
certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with assault
on an inmate, possessing a weapon, creating a disturbance and
fighting.  As he was being escorted to the special housing unit
following the issuance of the misbehavior report, he threatened
the escorting correction officers, resulting in him being charged
in a second misbehavior report with making threats.  At a
combined tier III disciplinary hearing on both reports,

petitioner pleaded guilty to the charge of making threats in the second misbehavior report, and, following the hearing, he was found guilty of all of the charges.  This determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

Petitioner's guilty plea precludes any challenge to the sufficiency of the evidence supporting the determination of guilt with respect to the charge in the second misbehavior report (see Matter of Shufelt v Annucci, 138 AD3d 1336, 1337 [2016]). Regarding the challenge to the determination on the first misbehavior report, the report, hearing testimony and confidential information provide substantial evidence to support the determination of guilt (see Matter of Chandler v Annucci, 135 AD3d 1258, 1259 [2016]; Matter of Baez v Bellnier, 131 AD3d 771, 771 [2015]).  Contrary to petitioner's contention, the misbehavior report was adequately detailed to apprise petitioner of the charges against him and enable him to prepare a defense (see Matter of Kairis v Smith, 141 AD3d 1054, 1054 [2016]; Matter of Eugenio v Fischer, 112 AD3d 1017, 1017 [2013], lv denied 22 NY3d 863 [2014]).  Moreover, the Hearing Officer's interview with the correction officer who authored the misbehavior report and conducted the investigation was sufficiently detailed to independently assess the reliability of the confidential information (see Matter of Pompey v Prack, 128 AD3d 1251, 1252 [2015]; Matter of White v Fischer, 121 AD3d 1478, 1479 [2014]). Further, the record reflects that the hearing was held in a fair and impartial manner, and there is nothing to indicate that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Hand v Greene, 118 AD3d 1245, 1246 [2014]; Matter of Paddyfote v Fischer, 118 AD3d 1240, 1241 [2014].

Respondent concedes, however, and we agree, that the Hearing Officer improperly denied petitioner's request to call two inmate witnesses.  Although the Hearing Officer noted that the two witnesses had informed petitioner's employee assistant that they refused to testify, no explanation for the refusal was given and the Hearing Officer made no attempt to verify the basis for the refusal.  Accordingly, we find that petitioner's regulatory right to call witnesses was violated and the

determination of guilt with respect to the charges in the first misbehavior report must be annulled and the matter remitted for a new hearing (see Matter of Sorrentino v Fischer, 106 AD3d 1309, 1310 [2013], appeal dismissed 22 NY3d 1060 [2014]; Matter of Dickerson v Fischer, 105 AD3d 1232, 1232 [2013]).

Peters, P.J., McCarthy, Rose, Mulvey and Aarons, JJ., concur.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of assault on an inmate, possessing a weapon, creating a disturbance and fighting; petition granted to that extent and matter remitted to the Commissioner of Corrections and Community Supervision for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court