■ In the Matter of ABDEL-JABBOR MALIK, Appellant, v THOMAS A. COUGHLIN, as Commissioner of the Department of Correctional Services, et al., Respondents.—Casey, J. P. ■

When this CPLR article 78 proceeding was commenced by petitioner, he was confined in the special housing unit (hereinafter SHU) at Attica Correctional Facility in Wyoming County. When petitioner was subsequently transferred to Sullivan Correctional Facility in Sullivan County this proceeding, which was then still pending, was also transferred to Supreme Court in Sullivan County. Supreme Court considered the application moot due to petitioner's transfer and summarily dismissed the petition.

Due to the real possibility of recurring applications seeking the same relief and because petitioner requests relief in any institution to which he might be transferred, we consider the merits of the petition. It is petitioner's contention that his Federal constitutional rights under the 1st Amendment were abridged because he was not provided with a diet that complied with the ritually mandated preparation of food according to the tenets of his religion. Specifically, petitioner claims that his food was improperly prepared in the same pots and pans used for the general prison population and not by himself or by a Jewish or Moslem cook. Petitioner was, in fact, provided with nutritionally adequate pork-free diets as an SHU inmate, pursuant to prison directives which generally provide for nonmeat protein substitutes whenever pork or pork products are served. As to petitioner's complaint of the lack of ritualistic preparation, the relevant consideration is whether the applicable directives relating to diet are "reasonably related to legitimate penological interests" (*Turner v Safley*, 482 US 78, 89; *see, O'Lone v Estate of Shabazz*, 482 US 342, 349).

In making this determination four factors are considered: (1) whether there is a logical connection between the prison practice and legitimate governmental interests, (2) whether there are alternate means of exercising the right, (3) the impact upon staff and other inmates and the allocation of prison resources, and (4) whether there are alternatives that adequately address the concerns (*Matter of Lucas v Scully*, 71 NY2d 399, 405). Applying these principles, it is evident that respondents do not have the resources or the budgetary capability to accommodate such requests as those of petitioner. This clearly demonstrates that the restriction at issue is based upon legitimate penological concerns (*see, O'Lone v Estate of Shabazz, supra*, at 350-351; *see also, Fromer v Scully*, 874 F2d 69, 76). The adequate pork-free food provided petitioner satisfies the constitutional requirement (*see, O'Lone v Estate of Shabazz, supra*, at 352). Petitioner has failed to demonstrate practical alternatives to address his concerns, especially in

regard to his confinement in SHU. The directives fall within the broad discretion conferred on respondent Commissioner of Correctional Services to maintain order and security in the prisons (see, Arteaga v State of New York, 72 NY2d 212, 217), and judging the directives under the less restrictive "reasonableness" test (see, O'Lone v Estate of Shabazz, supra, at 349), we conclude that the determination should be confirmed.

Judgment modified, on the facts, without costs, by confirming the determination, and, as so modified, affirmed. Casey, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.