■ In the Matter of SAMUEL CABASSA, Petitioner, v ROBERT H. KUHLMANN, as Superintendent of Sullivan Correctional Facility, et al., Respondents.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

After a Superintendent's hearing petitioner was found guilty of violating institutional rule 102.10 (7 NYCRR 270.2 [B] [3] [i]), which provides that "[i]nmates shall not * * * make any threat, spoken, in writing, or by gesture", and rule 104.12 (7 NYCRR 270.2 [B] [5] [iii]), which provides that "[i]nmates shall not lead, organize, participate, or urge other inmates to participate, in work-stoppages * * * or other actions which may be detrimental to the order of the facility". Petitioner received a disciplinary penalty of 180 days in special housing, 180 days' loss of privileges, two months' recommended loss of good time and removal from his position as representative on

the Inmate Grievance Resolution Committee. Upon administrative appeal, the special housing confinement was reduced to 90 days and, as modified, the determination was affirmed. Petitioner then commenced this CPLR article 78 proceeding challenging the determination.

Petitioner contends that (1) the disciplinary charges against him are proscribed by the provisions of Correction Law § 138 (4), (2) his 1st Amendment rights were violated, (3) he did not receive adequate notice defining the proscribed conduct as required by Correction Law § 138 (3), and (4) the determination is not supported by substantial evidence. We disagree. The determination should therefore be confirmed.

Correction Law § 138 (4) provides that: "Inmates shall not be disciplined for making written or oral statements, demands, or requests involving a change of institutional conditions, policies, rules, regulations, or laws affecting an institution." Petitioner argues that this statute proscribes the disciplinary charges lodged against him because, as president of the inmate student government representing inmate students of Sullivan County Community College (hereinafter SCCC) at the facility, he was engaged in that type of conduct. We find this contention unpersuasive. The record indicates that petitioner threatened a boycott of the SCCC program, conduct which went beyond that sanctioned under Correction Law § 138 (4) and which violated rules 102.10 and 104.12 involving threats and actions in the nature of work stoppages detrimental to the order of the facility.

There is also no substance to petitioner's assertion that his 1st Amendment rights were violated in these circumstances. Inmates may exercise their 1st Amendment rights "to the extent it would not be inconsistent with their status as prisoners and with the legitimate restrictions imposed by confinement" *(Matter of Lucas v Skully,* 71 NY2d 399, 404). The prison regulations at issue, although they infringe on inmate rights, are " 'reasonably related to legitimate penological interests' " *(supra,* at 405, quoting *Turner v Safley,* 482 US 78, 89; *see, Matter of Malik v Coughlin,* 158 AD2d 833, 834) and, considering the relevant factors in making this assessment *(see, Matter of Lucas v Skully, supra,* at 405-406; *Matter of Malik v Coughlin,* 154 AD2d 135, 138-139), pass constitutional muster under both the Federal and State Constitutions.

We find no merit in petitioner's contention that he did not receive adequate notice of the behavior which was prohibited as required by Correction Law § 138 (3). The rule prohibiting threats as well as that prohibiting work-stoppages, sit-ins,

lock-ins and other similar actions, gives notice of what conduct is forbidden *(see, Matter of Rabi v LeFevre,* 120 AD2d 875, 876). Additionally, the conduct by which petitioner allegedly violated the regulation was stated in the misbehavior report *(see, Matter of Ennis v Coughlin,* 141 AD2d 933, 934, *lv denied* 73 NY2d 703).

Finally, petitioner's claim that the record was not supported by substantial evidence is without merit. The record before the Hearing Officer consisted of the written reports of persons present at the time of the incident, their testimony and the testimony of other witnesses. Conflicts and/or inconsistencies in the testimony merely created credibility questions for the Hearing Officer to resolve *(see, Matter of De Torres v Coughlin,* 135 AD2d 1068, 1070, *lv denied* 72 NY2d 801).

Determination confirmed, and petition dismissed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Crew III, JJ., concur.