OPINION OF THE COURT
Lawrence E. Kahn, J.
This CPLR article 78 proceeding has been commenced by *669 petitioner who practices the Rastafari religion. It seeks to enjoin the Commissioner of the State Department of Correctional Services from denying petitioner the right to wear a religious crown. It also seeks to require respondent to provide petitioner with a diet that is consistent with his religious principles.
Petitioner asserts that respondent has abused his discretion by infringing on his right to exercise his religious beliefs. He asserts that respondent’s regulations are arbitrary and capricious and violate his constitutional rights to practice religion and receive equal protection under the laws. In making this contention, petitioner cites denial of his request to wear a loose-fitting knit cap called a crown in areas where Jewish and Muslim prisoners are allowed to wear yarmulkes and kufis. Petitioner also alleges that respondent has failed to provide an alternative protein substitute when meat is served and that this failure impermissibly violates his religious practices.
The identical issues presented herein have previously been considered by the Federal courts in litigation entitled Benjamin v Coughlin (905 F2d 571). Therein, the court rejected similar requests for relief, finding that there was no Federal constitutional basis upon which to support petitioner’s claim. It was determined that respondent’s regulations were reasonably related to a legitimate State interest and did not violate either petitioner’s First Amendment right to freedom of religion or the Fourteenth Amendment right to equal protection. The present litigation seeks similar relief upon the theory that under State law, he is entitled to the relief previously denied.
Although many constitutional rights are lost or restricted upon incarceration, some survive this passage from civilian to prison existence and continue to protect inmates from impermissible Federal or State action. In Matter of Lucas v Scully (71 NY2d 399), the Court of Appeals wrote that inmates retain rights guaranteed by the First Amendment and may exercise them if they are not inconsistent with their present incarceration, or with the legitimate restrictions which must be imposed by virtue of their confinement. "Factors identified as particularly pertinent to a determination of validity include: whether there is a logical connection between the prison regulation and the institution’s interest put forward to justify it; whether alternative means of exercising the right remain open to the inmates; whether accommodation of the asserted *670 constitutional right will adversely impact on the prison population, correction employees or on the allocation of prison resources”. (Supra, at 405.)
Initially, the court notes that there is a difference between Rastafarian crowns, which are large and cover a substantial portion of an individual’s head, and kufis and yarmulkes, which are small and close fitting. Further, the submissions indicate that respondent has no uniform policy throughout the State of New York which prohibits the wearing or possession of crowns. Rather, each facility has individual policies depending on specific security considerations. In balancing the competing interests between the right sought to be asserted by petitioner and the infringement upon the legitimate objectives of each facility, this court is of the opinion that petitioner has not met his burden to successfully challenge the regulations on State constitutional grounds (see, Matter of Lucas v Scully, 71 NY2d 399, 406, supra).
Petitioner also seeks a judgment mandating that respondent provide him with a diet "that is consistent with his religious principles.” This request for relief must also be denied. The issue of whether the Department of Correctional Services has the resources and budgetary capability to accommodate varying religious diet requests has been addressed (see, Matter of Malik v Coughlin, 158 AD2d 833). Therein, a similar request was denied upon the specific finding that such resources are not available. That rationale is particularly applicable to the case at bar, given the varied nature of the dietary habits followed by different Rastafarians. Further, the Department’s rules allow for a pork-free alternative when pork is the main course in a meal, or alternatively, inmates are free to refuse any food they deem objectionable.
The petition shall be dismissed.