■ In the Matter of PAUL VAZQUEZ, Petitioner, v DANIEL A. SENKOWSKI, as Superintendent of Clinton Correctional Facility, Respondent. [675 NYS2d 156] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner commenced this CPLR article 78 proceeding challenging an administrative determination finding him guilty of making threats in violation of a prison disciplinary rule. The charge stemmed from an incident wherein a correction officer questioned petitioner regarding his request for a pass in order

---

* Supreme Court incorrectly noted that petitioner was challenging a determination rendered May 23, 1996.

to assist various inmates in legal matters in connection with his job as a law library assistant. Petitioner stated that if the pass was denied, he would tell the inmates the correction officer's name and make sure that the correction officer was named as a defendant in a lawsuit for having denied the inmates access to the law library program.

Contrary to petitioner's contention, the fact that his comment did not threaten violence is not dispositive (see, e.g., Matter of Cabassa v Kuhlmann, 173 AD2d 973, lv denied 78 NY2d 858). Inmates are prohibited, under any circumstances, from making "any threat[s]" (7 NYCRR 270.2 [B] [3] [i] [disciplinary rule 102.10] [emphasis supplied]). Accordingly, we conclude that substantial evidence exists in the record to support the determination of petitioner's guilt (see, Matter of Cabassa v Kuhlmann, supra). Petitioner's remaining contentions, including that his waiver of assistance was not knowing and that he was denied the right to call a witness, have been reviewed and found to be without merit.

Cardona, P. J., Mercure, Crew III, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.