■ In the Matter of DONALD J. HUNT, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [677 NYS2d 649] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: This proceeding should not have been transferred to this Court pursuant to CPLR 7804 (g) inasmuch as it does not raise a substantial evidence question. We nonetheless consider the merits in the interest of judicial economy (*see, Matter of Moulden v Coughlin*, 210 AD2d 997).

After a Tier II hearing, petitioner was found guilty of violating inmate rules 104.13 (7 NYCRR 270.2 [B] [5] [iv] [engaging in conduct that disturbs the order of any part of facility]), 106.10 (7 NYCRR 270.2 [B] [7] [i] [refusing to obey direct order]), 107.10 (7 NYCRR 270.2 [B] [8] [i] [physically or verbally obstructing or interfering with employee]) and 107.11 (7 NYCRR 270.2 [B] [8] [ii] [verbally harassing employee]). We reject petitioner's contention that the rules are not sufficiently specific or precise and fail to state the range of disciplinary sanctions, as required by Correction Law § 138 (3) (*see, Matter of Coleman v Kelly*, 72 NY2d 850, 852; 7 NYCRR 253.7, 270.2).

We reject the further contention of petitioner that he was deprived of his due process right to a fair hearing by an impartial Hearing Officer. The Hearing Officer did not deny petitioner an opportunity to make a statement regarding the incident or to question the complaining witness. Nor is there any evidence in the record that the Hearing Officer "was biased or that the outcome of the hearing flowed from such bias" (*Matter of Parker v Coughlin*, 211 AD2d 929; *see, Matter of Martinez v Scully*, 194 AD2d 679).

Petitioner contends that his due process and equal protection rights were violated when he was punished for engaging in conduct protected under the US Constitution and Correction Law § 138 (4). By failing to raise that issue in his administrative appeal, "[p]etitioner thereby failed to exhaust his administrative remedies and the court has no discretionary power to reach this issue" (*Matter of Nelson v Coughlin*, 188 AD2d 1071, *appeal dismissed* 81 NY2d 834). Were we to reach the issue, we would conclude that petitioner's contention lacks merit. Correction Law § 138 (4) does not sanction statements that

constitute violations of inmate rules (*see, Matter of Mays v Goord*, 245 AD2d 610; *Matter of Cabassa v Kuhlmann*, 173 AD2d 973, 974, *lv denied* 78 NY2d 858). Inmates may exercise their constitutional rights to the extent that the exercise of those rights "would not be inconsistent with [the inmates'] status as prisoners and with the legitimate restrictions imposed by confinement" (*Matter of Lucas v Scully*, 71 NY2d 399, 404). The inmate rules violated by petitioner are reasonably related to legitimate penological interests and pass constitutional muster (*see, Matter of Cabassa v Kuhlmann, supra*, at 974). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Green, J. P., Lawton, Wisner, Callahan and Boehm, JJ.