*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 8, 2015            519905
_____

In the Matter of ALVIN W.
    McLEAN,
                      Appellant,

        v                                  MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF
    CORRECTIONS AND COMMUNITY
    SUPERVISION,
                      Respondent.
_____

Calendar Date:   September 16, 2015

Before:   Lahtinen, J.P., Egan Jr., Devine and Clark, JJ.

                        _____

        Alvin W. McLean, Wallkill, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

                        _____

Clark, J.

        Appeal (transferred to this Court from the Court of
Appeals) from a judgment of the Supreme Court (McCarthy, J.),
entered June 25, 2014 in Albany County, which, among other
things, partially converted petitioner's application, in a
proceeding pursuant to CPLR article 78, into an action for a
declaratory judgment and declared prison disciplinary rule 103.20
to be constitutional.

        During a search of petitioner's cell, correction officials
found paperwork containing website information that petitioner
had prepared in connection with a legal defense fund set up by
his family.  According to petitioner, the purpose of the fund was

to raise money to cover his legal defense.  As a result of the search, petitioner was found guilty of violating certain prison disciplinary rules, including disciplinary rule 103.20, prohibiting solicitation (see 7 NYCRR 270.2 [B] [4] [ii]).  This adverse disciplinary determination was later upheld by this Court (Matter of McLean v Fischer, 118 AD3d 1240 [2014], appeal dismissed 24 NY3d 942 [2014]).

Petitioner also filed a grievance challenging the application of disciplinary rule 103.20 to him, as well as the constitutionality of the rule.  Upon considering the grievance, the Inmate Grievance Resolution Committee concluded that there was no reason to change the rule and the Superintendent of Shawangunk Correctional Facility agreed.  On appeal, the Central Office Review Committee upheld this finding and denied petitioner's grievance.  Petitioner, in turn, commenced this CPLR article 78 proceeding.  Following joinder of issue, Supreme Court converted that portion of the application seeking to challenge the constitutionality of disciplinary rule 103.20 into a declaratory judgment action and declared the rule constitutional, and otherwise dismissed the remainder of the petition seeking, among other things, to annul the grievance determination. Petitioner now appeals.

Initially, the Court of Appeals has recognized that "while incarceration results in the withdrawal or limitation of many rights, inmates retain those rights guaranteed by the First Amendment, and may exercise them to the extent it would not be inconsistent with their status as prisoners and with the legitimate restrictions imposed by confinement" (Matter of Lucas v Scully, 71 NY2d 399, 404 [1988]; see Matter of Hunt v Goord, 252 AD2d 982, 983 [1998]).  The standard for assessing the constitutionality of a prison regulation is whether "'it is reasonably related to legitimate penological interests'" (Matter of Lucas v Scully, 71 NY2d at 405, quoting Turner v Safley, 482 US 78, 89 [1987]; see Matter of Cabassa v Kuhlmann, 173 AD2d 973, 974 [1991], lv denied 78 NY2d 858 [1991]).

Here, disciplinary rule 103.20 provides that "[a]n inmate shall not request or solicit goods or services from any business or any person other than an immediate family member without the consent and approval of the facility superintendent or designee" (7 NYCRR 270.2 [B] [4] [ii]).  Per respondent, the purpose of the

rule is to restrict unwanted solicitations of the general public, staff and volunteers by members of the inmate population. It is, accordingly, reasonably related to the penological objective of maintaining security and order within the correctional facility (see Jordan v Garvin, 2004 WL 302361,*3-4, 2004 US Dist LEXIS 2244, *8-11 [SD NY Feb. 17, 2004, No. 01-CIV-4393 LTS GWG]; see also Matter of Mercado v Selsky, 47 AD3d 1167, 1168 [2008], lv denied 10 NY3d 713 [2008]; Matter of Ode v Kelly, 159 AD2d 1000, 1001 [1990]). Notably, the rule does not unduly burden an inmate's First Amendment rights inasmuch as it provides that an inmate may engage in solicitation upon obtaining the approval of the superintendent of the facility or a designee (see Matter of Lewis v Lape, 90 AD3d 1259, 1259 [2011], lv denied 18 NY3d 809 [2012]). Therefore, we conclude that petitioner's First Amendment challenge to disciplinary rule 103.20 is without merit.

Likewise, we reject petitioner's assertion that disciplinary rule 103.20 is unconstitutionally vague considering that the rule contains language providing a person of ordinary intelligence with notice that posting information on a website seeking donations to a legal defense fund constitutes conduct proscribed by the rule (see Matter of Brown v Selsky, 5 AD3d 905, 906 [2004]; Matter of Jones v Department of Correctional Servs. of State of N.Y., 283 AD2d 805, 805 [2001]). Furthermore, given that petitioner's conduct fell squarely within the prohibition of disciplinary rule 103.20, we find that the denial of his grievance was not irrational, arbitrary or capricious, or affected by an error of law (see Matter of Wright v New York State Dept. of Correctional Servs., 76 AD3d 725, 726 [2010]). We have considered petitioner's remaining claims and find them to be unavailing.

Lahtinen, J.P., Egan Jr. and Devine, JJ., concur.

ORDERED that the judgment is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court