State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered: July 21, 2016                    521914
_____

In the Matter of PAUL OSBORNE,
                    Petitioner,

          v                              MEMORANDUM AND JUDGMENT

DONALD VENETTOZZI, as Acting
    Director of Special Housing
    and Inmate Disciplinary
    Programs,
                    Respondent.
_____


Calendar Date:  June 6, 2016

Before:  Lahtinen, J.P., Garry, Egan Jr., Devine and Aarons, JJ.

                    _____


        Paul Osborne, Malone, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondent.

                    _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision finding petitioner guilty of violating
certain prison disciplinary rules.

        While he was making his rounds, a correction officer heard
petitioner in his cell yelling, using profane language and making
threatening comments about law enforcement officials.  When the
officer told petitioner to stop yelling, he responded with more
profane language and threatening statements.  As a result of this
incident, petitioner was charged in a misbehavior report with
harassment, interference, making threats, engaging in violent
conduct, creating a disturbance and refusing a direct order.

Following a tier III disciplinary hearing, he was found guilty of harassment, making threats and engaging in violent conduct, but not guilty of the other charges. The determination was later affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

We confirm. The detailed misbehavior report, together with the testimony of its author, provide substantial evidence supporting the determination of guilt (see Matter of Perkins v Annucci, 129 AD3d 1421, 1421 [2015]; Matter of Deleon v Prack, 111 AD3d 1204, 1205 [2013]). The contrary testimony of petitioner and his inmate witnesses presented a credibility issue for the Hearing Officer to resolve (see Matter of Simmons v LaValley, 130 AD3d 1126,1127 [2015]; Matter of Espinal v Fischer, 114 AD3d 978, 979 [2014]). In addition, petitioner was not improperly denied the right to have two witnesses, whose testimony would have been redundant, testify at the hearing (see Matter of White v Fischer, 121 AD3d 1478, 1479 [2014]; Matter of Elias v Fischer, 118 AD3d 1193, 1194 [2014]). Furthermore, upon reviewing the record, we find no indication that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Ramos v Prack, 125 AD3d 1036, 1037 [2015], lv dismissed 25 NY3d 1039 [2015]; Matter of Harris v Deputy Superintendent of Security Piccolo, 122 AD3d 1044, 1045 [2014]). We have considered petitioner's remaining contentions and find them to be unavailing.

Lahtinen, J.P., Garry, Egan Jr., Devine and Aarons, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court