State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered: September 22, 2016                    522460
_____

In the Matter of PETER LOPEZ,
                    Petitioner,
        v                                MEMORANDUM AND JUDGMENT

DEPARTMENT OF CORRECTIONS AND
    COMMUNITY SUPERVISION,
                    Respondent.
_____

Calendar Date:  August 8, 2016

Before:  Peters, P.J., McCarthy, Rose, Clark and Aarons, JJ.

_____

        Peter Lopez, Fallsburg, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

        Petitioner, a legally blind inmate, was observed by a correction captain walking down the hallway, accompanied by his inmate mobility escort, with a visor on his head.  The captain, who was new to the facility, called out and attempted to get petitioner's attention, but petitioner and his escort proceeded to walk down the hallway without responding.  The captain followed petitioner and took him out of a line of inmates for questioning.  Petitioner indicated that he had a permit for the visor, but became argumentative when the captain asked him to produce it, continually asking the captain why it was necessary.

Ultimately, petitioner produced the permit, but, during the verbal exchange that ensued, he became loudly sarcastic, continued to interrupt despite the captain's orders to stop and exhibited disrespectful behavior towards the captain in the presence of the other inmates and staff. As a result, petitioner was charged in a misbehavior report with refusing a direct order, creating a disturbance, interfering with an employee and harassment. Following a tier III disciplinary hearing, he was found guilty of the charges. The determination was later upheld on administrative appeal and this CPLR article 78 proceeding ensued.

The detailed misbehavior report, together with the testimony of the captain who prepared it, provide substantial evidence supporting that part of the determination finding petitioner guilty of refusing a direct order, creating a disturbance and harassment (see Matter of Osborne v Venettozzi, 141 AD3d 990, 991 [2016]; Matter of Byrd v Fischer, 117 AD3d 1263, 1263 [2014]). Even if petitioner was confused as to whether the captain was initially speaking to him, petitioner's conduct when he was stopped and requested to produce the permit, as related by the captain, adequately substantiated these charges. However, neither the misbehavior report nor the captain's testimony established that petitioner interfered with an employee (see 7 NYCRR 270.2 [B] [8] [i]) and, accordingly, that part of the determination finding him guilty of this charge must be annulled (see Matter of Soto v Central Off. Review Comm. of the Dept. of Corr. & Community Supervision, 118 AD3d 1229, 1231 [2014]). Nevertheless, inasmuch as petitioner has already served the penalty and no loss of good time was imposed, the matter need not be remitted for a redetermination of the penalty on the remaining violations (see Matter of Mohamed v Prack, 137 AD3d 1402, 1403 [2016]; Matter of Soto v Central Off. Review Comm. of the Dept. of Corr. & Community Supervision, 118 AD3d at 1231). We note that petitioner's claim that the misbehavior report was written in retaliation for a lawsuit that he had filed presented a credibility issue for the Hearing Officer to resolve (see Matter of Harriott v Annucci, 131 AD3d 754, 754 [2015], lv dismissed 27 NY3d 1028 [2016]; Matter of Guillory v Annucci, 125 AD3d 1024, 1024-1025 [2015], lv denied 25 NY3d 905 [2015]). Furthermore, there is no indication that the Hearing Officer was

biased or that the determination flowed from any alleged bias (see Matter of Osborne v Venettozzi, 141 AD3d at 991; Matter of Sanders v Annucci, 128 AD3d 1156, 1157 [2015], appeal dismissed 26 NY3d 964 [2015]).  We have considered petitioner's remaining contentions and find them to be without merit.

Peters, P.J., McCarthy, Rose, Clark and Aarons, JJ., concur.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of interfering with an employee; petition granted to that extent and the Commissioner of Corrections and Community Supervision is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court