15-3414-cv
*Smith v. Graham*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of March, two thousand seventeen.

PRESENT:   JOSÉ A. CABRANES,
           RICHARD C. WESLEY,
                     *Circuit Judges.*
           WILLIAM K. SESSIONS III,*
                     *District Judge.*

---

LAWRENCE SMITH,

     *Plaintiff - Appellant*,

v.                                                    No. 15-3414

HAROLD D. GRAHAM, SUPERINTENDENT; AUBURN
CORRECTIONAL FACILITY, T. MCCARTHY, CAPTAIN;
AUBURN CORRECTIONAL FACILITY, RICHARD ROY,
DEPUTY COMMISSIONER OF ALBANY DOC AND
INSPECTOR GENERAL, BRIAN FISCHER, COMMISSIONER,
VERNON FONDA, DIRECTOR OF OPERATIONS, NORMAN R.
BEZIO, FORMER DIRECTOR OF SPECIAL HOUSING,
ALBERT PRACK, DIRECTOR OF SPECIAL HOUSING,
KAREN BELLAMY, DIRECTOR OF INMATE GRIEVANCES,
ELIZABETH O'MEARA, DEPUTY SUPERINTENDENT

---

* William K. Sessions III, Judge of the United States District Court for the District of Vermont, sitting by designation.

OF ADMIN., JAMES FESTA, F.O.I.L. OFFICER OF AUBURN
CORRECTIONAL FACILITY, B. CHUTTEY, KOZIOL, LT.;
AUBURN CORRECTIONAL FACILITY, OLEKSIN, LIEUT.; AUBURN
CORRECTIONAL FACILITY, VANFLEET, V. RIZZO, SARGENT,
CHRISTOPHER ROGOFSKY, SARGENT, HARRY BRUNDAGE, AUBURN
CORRECTIONAL FACILITY, ADAMS, C.O, R. MARTIN, C.O.,
S. PYKE, C.O., HOWELL, C.O., R. BURDICK, C.O., WALTERS,
C.O., M. PARISH, C.O., D. VITALE, C.O., E. VAN NESS,
C.O., ABBOTT, LIBRARIAN, HESS, C.O., M. MOGAVERO, PROGRAM
COMMITTEE CHAIRPERSON, FKA DOE,

*Defendants - Appellees.*

---

FOR PLAINTIFF-APPELLANT:          Lawrence Smith, pro se, Pine City, NY.

FOR DEFENDANTS-APPELLEES:      Barbara D. Underwood, Solicitor General, Andrew D. Bing, Deputy Solicitor General, Jeffrey W. Lang, Assistant Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Appellant Lawrence Smith, proceeding *pro se*, appeals from a judgment in favor of Appellees, various prison officials, in his suit under 42 U.S.C. § 1983 raising claims for violations of his First, Eighth, and Fourteenth Amendment Rights. The District Court *sua sponte* dismissed Smith's claims against Corrections Officer Walters, but allowed Smith's due process claims against Captain Chuttey to proceed. A magistrate judge subsequently recommended granting summary judgment in favor of Chuttey. Smith failed to object to the report and recommendation, which the District Court adopted. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.    Summary Judgment

Smith waived appellate review of his due process claim against Chuttey by failing to object to the magistrate judge's report and recommendation despite being clearly notified of the consequences

of his failure to do so.[1] Even if we were to excuse Smith's failure to object, the District Court properly granted summary judgment on this claim.

We review de novo a district court's grant of summary judgment. *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013) (per curiam). Summary judgment must be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether a genuine dispute exists, we must "resolve all ambiguities and draw all inferences against the moving party." *Garcia*, 706 F.3d at 127.

Due process requires that prison disciplinary hearings be conducted by a "fair and impartial hearing officer." *Kalwasinski v. Morse*, 201 F.3d 103, 108 (2d Cir. 1999). However, "[prison] adjudicators are presumed to be unbiased" and "[t]he degree of impartiality required of prison officials does not rise to the level of that required of judges generally." *Allen v. Cuomo*, 100 F.3d 253, 259 (2d Cir. 1996). In addition, due process requires that the findings of a prison disciplinary hearing officer be based on some "reliable evidence of the inmate's guilt." *Luna v. Pico*, 356 F.3d 481, 488 (2d Cir. 2004) (internal quotation marks omitted).

Smith raises three challenges to his 2012 disciplinary hearing, over which Chuttey presided. First, he argues that, because the statement in his grievance did not communicate an intent to inflict harm, it was insufficient to establish that he had made a threat. However, a prisoner's statement need not threaten violence to be considered a threat under disciplinary rule 102.10. *See Vazquez v. Senkowski*, 251 A.D.2d 832, 833 (3d Dep't 1998). Second, he argues that Chuttey demonstrated bias by allowing Walters to present false testimony. However, false testimony given during a disciplinary proceeding does not establish a denial of due process. *See Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997); *see also Phelps v. Kapnolas*, 123 F.3d 91, 92–93 (2d Cir. 1997) (affirming dismissal of a § 1983 claim alleging that corrections officer provided false testimony at a disciplinary hearing). Third, Smith argues that Chuttey demonstrated bias by not calling as a witness an inmate to testify that Walters put Smith on keeplock on February 20, 2012, two days before Walters filed the misbehavior report against Smith. However, three witness had already testified that Smith was on keeplock on February 20, and "[t]he refusal to call witnesses whose testimony would be redundant is

---

[1] We have held that failure to timely object to a report and recommendation generally constitutes a waiver of the defaulting party's right to appeal, provided the party received clear notice of the consequences of a failure to object. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003). Notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992). We may nevertheless excuse the waiver "in the interests of justice." *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cephas*, 328 F.3d at 107. "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

not a violation of any established due process right." *See Holland v. Goord*, 758 F.3d 215, 225 (2d Cir. 2014). Moreover, the inmate had submitted a form stating that he refused to testify because he had not seen anything.[2] *See Silva v. Casey*, 992 F.2d 20, 22 (2d Cir. 1993) (holding that if witness "will not testify if called, it cannot be a 'necessity' to call him," and that prison official who "reasonably concludes that it would be futile to call a witness to testify" does not violate inmate's constitutional rights).

## II.    Sua Sponte Dismissal of Claims Against Walters

We review *de novo* a district court's *sua sponte* dismissal of claims under 28 U.S.C. §§ 1915(e)(2) and 1915A. *See Giano v. Goord*, 250 F.3d 146, 149–50 (2d Cir. 2001); *see also Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We afford a *pro se* litigant "special solicitude" by interpreting a complaint filed *pro se* "to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal alterations and quotation marks omitted).

Liberally construed, Smith's brief raises three challenges to the District Court's *sua sponte* dismissal of his claims against Walters. First, he reiterates his allegations that Walters planted a metal spoon in his cell and then stole his legal documents while Smith was in solitary confinement. However, both of these allegations occurred in 2008, and any claim based on them was therefore barred by New York's three-year statute of limitations. *See Milan v. Wertheimer*, 808 F.3d 961, 963–64 (2d Cir. 2015) (per curiam) (affirming *sua sponte* dismissal of claims based on statute of limitations). Second, Smith alleges that Walters "stalked" him for a period of four years. This general allegation of harassment failed to state a claim because he did not allege any "appreciable injury." *See Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986). Third, Smith argues that Walters "illegally" placed him on keeplock in February 2012. To the extent that Smith intended this to be a claim of retaliation, he failed to allege any specific grievance that would give rise to an inference of retaliatory animus based on the temporal proximity between that grievance and being placed on keeplock; he specifically alleged that Walters did not yet know of grievances Smith had filed in early 2012. *See, e.g.*, *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003) (observing that temporal proximity constitutes circumstantial evidence of retaliation). To the extent Smith intended this to be a due process claim, Smith failed to allege any facts that demonstrated an "atypical and significant hardship on [him] in relation to the

---

[2] To the extent Smith sought to call the third inmate to testify that it was Walters specifically who had placed Smith on keeplock on February 20, this evidence would have been irrelevant to whether Smith committed the offenses of which he was charged, which occurred before February 20.

ordinary incidents of prison life." *Davis v. Barrett*, 576 F.3d 129, 133 (2d Cir. 2009) (internal quotation marks omitted).

## CONCLUSION

We have reviewed all of the remaining arguments raised by Smith on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk