◼ In the Matter of JAMES G. SINCLAIR, Petitioner, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [54 NYS3d 604]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Sullivan Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.

After delivering trays of meat from the kitchen to a correction officer stationed at a cellblock, petitioner stood in the sally port of the cellblock waiting for the gate to be opened so that he could leave the area. Growing impatient, petitioner demanded that he be let out of the sally port. When the officer told petitioner that he would need to wait, petitioner expressed his dissatisfaction and indicated that the next time that he was called to make a delivery to the cellblock, he would delay the delivery. As a result, petitioner was charged in a misbehavior report with making threats, interfering with an employee, refusing a direct order and creating a disturbance. Following a tier II disciplinary hearing, he was found guilty of the former two charges, but not the latter two charges. The determination was later affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

The misbehavior report, hearing testimony and petitioner's admission to the conduct in question provide substantial evidence supporting that part of the determination finding petitioner guilty of making threats (*see Matter of McFadden v Bezio*, 86 AD3d 882, 882 [2011]; *Matter of Sheils v Goord*, 16 AD3d 866, 867 [2005]). Notably, an inmate need not threaten

violence in order to be found guilty of this disciplinary rule violation (*see* 7 NYCRR 270.2 [B] [3] [i]; *Matter of Vazquez v Senkowski*, 251 AD2d 832, 833 [1998]), and petitioner threatened to take detrimental action in retaliation for the failure to promptly release him from the sally port. We reach a different conclusion, however, with respect to the interference charge as the evidence does not demonstrate that petitioner "physically or verbally obstruct[ed] or interfer[ed] with an employee at any time" (7 NYCRR 270.2 [B] [8] [i]; *see Matter of Lopez v Department of Corr. & Community Supervision*, 142 AD3d 1238, 1239 [2016]; *Matter of Soto v Central Off. Review Comm. of the Dept. of Corrections & Community Supervision*, 118 AD3d 1229, 1231 [2014]). While that part of the determination finding petitioner guilty of this charge must be annulled, the matter need not be remitted for a redetermination of the penalty as no loss of good time was imposed and petitioner has already served the penalty (*see Matter of Lopez v Department of Corr. & Community Supervision*, 142 AD3d at 1239-1240; *Matter of Soto v Central Off. Review Comm. of the Dept. of Corrections & Community Supervision*, 118 AD3d at 1231).

Peters, P.J., McCarthy, Clark, Mulvey and Aarons, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of interfering with an employee; petition granted to that extent and the Superintendent of Sullivan Correctional Facility is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.