Matter of Mays v Early (2018 NY Slip Op 03578)





Matter of Mays v Early


2018 NY Slip Op 03578


Decided on May 17, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 17, 2018

525188

[*1]In the Matter of KEVIN R. MAYS, Petitioner,
v
PETER D. EARLY, as Deputy Superintendent of Security for Otisville Correctional Facility, Respondent.

Calendar Date: April 3, 2018

Before: Devine, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Kevin R. Mays, Otisville, petitioner pro se.
Barbara D. Underwood, Acting Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Otisville Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with harassment, creating a disturbance and interfering with an employee stemming from his belligerent and insolent behavior toward a correction officer who directed petitioner not to open a window in the housing unit. Following a tier II disciplinary hearing, petitioner was found guilty of all charges and that determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and testimony from its author, as well as petitioner's testimony, provide substantial evidence to support the determination of guilt (see Matter of Lopez v Department of Corr. & Community Supervision, 142 AD3d 1238, 1239 [2016]; Matter of Kairis v Smith, 141 AD3d 1054, 1054 [2016]). Petitioner's denial of the alleged conduct and claims that the misbehavior report was fabricated as a result of a grievance that he had filed against the correction officer presented credibility issues for the Hearing Officer to resolve (see Matter of Harriott v Koenigsmann, 149 AD3d 1440, 1441 [2017]; Matter of Osborne v Venettozzi, 141 AD3d 990, 991 [2016]).
Contrary to petitioner's contention, a review of the record establishes that the determination of guilt flowed from the evidence presented and not from any alleged bias on the [*2]part of the Hearing Officer (see Matter of Lopez v Department of Corr. & Community Supervision, 142 AD3d at 1240; Matter of Osborne v Venettozzi, 141 AD3d at 991). Further, we find no error in the Hearing Officer precluding petitioner from asking questions during the hearing that were irrelevant to the conduct charged (see Matter of David v Goord, 284 AD2d 752, 752 [2001]). Petitioner's remaining contentions, to the extent that they are preserved, have been reviewed and found to be without merit.
Devine, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed,