Matter of Gourdine v Annucci (2018 NY Slip Op 06391)





Matter of Gourdine v Annucci


2018 NY Slip Op 06391


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


990 TP 18-00230

[*1]IN THE MATTER OF CLARENCE GOURDINE, PETITIONER,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 






WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER. 
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (VICTOR PALADINO OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered May 22, 2018) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules. 
It is hereby ORDERED that the determination so appealed from is unanimously modified on the law and the petition is granted in part by annulling that part of the determination finding that petitioner violated inmate rule 102.10 (7 NYCRR 270.2 [B] [3] [i]) and as modified the determination is confirmed without costs, and respondent is directed to expunge all references to the violation of that rule from petitioner's institutional record.
Memorandum: Petitioner commenced this CPLR article 78 proceeding to annul respondent's tier III disciplinary determination finding him guilty of forgery under inmate rule 116.12 (7 NYCRR 270.2 [B] [17] [iii]), providing false information under inmate rule 107.20 (7 NYCRR 270.2 [B] [8] [iii]), and making threats under inmate rule 102.10 (7 NYCRR 270.2 [B] [3] [i]). The forgery and false information charges relate to petitioner's admitted act of adding a typewritten notation to a medical limitation form issued by a nurse at Attica Correctional Facility. The threats charge stems from a letter that petitioner wrote in which he promised to sue a particular prison guard if the guard failed to adequately address one of petitioner's complaints within a certain time frame.
Preliminarily, we note that petitioner has not raised any issue concerning the forgery charge under inmate rule 116.12. He has thus abandoned any challenge to respondent's determination of guilt on that particular charge (see Matter of Hynes v Goord, 30 AD3d 652, 653 [3d Dept 2006]).
Addressing the remaining violations, we agree with respondent that substantial evidence supports the determination that petitioner violated inmate rule 107.20, which prohibits an inmate from providing an "incomplete, misleading and/or false statement or information" (7 NYCRR 270.2 [B] [8] [iii] [emphasis added]). Although the hearing evidence does not establish that petitioner's typewritten addition to the medical limitation form constitutes "false" information, the notation nevertheless qualifies as "misleading" information regarding its source.
We agree with petitioner, however, that respondent's determination of guilt on the threats charge under inmate rule 102.10 must be annulled. Although respondent correctly notes that "an inmate need not threaten violence in order to be found guilty of [making threats under rule 102.10]" (Matter of Sinclair v Annucci, 151 AD3d 1511, 1511-1512 [3d Dept 2017]), a statement cannot be a "threat" within the meaning of inmate rule 102.10 unless, at the very minimum, it [*2]conveys an intent to do something illegal, improper, or otherwise prohibited (see e.g. id. at 1511; Matter of Cabassa v Kuhlmann, 173 AD2d 973, 973-974 [3d Dept 1991], lv denied 78 NY2d 858 [1991]). Here, petitioner did not convey an intent to do anything illegal, improper, or otherwise prohibited. To the contrary, petitioner merely conveyed his intent to exercise his constitutional right to access the courts (see generally Lewis v Casey, 518 US 343, 349-355 [1996]; Bounds v Smith, 430 US 817, 821-831 [1977]), and he cannot be penalized for "threatening" to do something, i.e., file a lawsuit, that he has every legal right to do. As the United States Supreme Court has explained, "[t]o punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, . . . and for an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is patently unconstitutional' " (Bordenkircher v Hayes, 434 US 357, 363 [1978], reh denied 435 US 918 [1978], quoting Chaffin v Stynchcombe, 412 US 17, 32 n 20 [1973]). Moreover, respondent's interpretation of the word "threat" in this context would effectively nullify the protections afforded by Correction Law § 138 (4), which bars an inmate from being "disciplined for making written or oral statements, demands, or requests involving a change of institutional conditions, policies, rules, regulations, or laws affecting an institution."
Respondent's reliance on Matter of Vazquez v Senkowski (251 AD2d 832 [3d Dept 1998]) is misplaced. In that case, the inmate both promised to sue the complaining guard and stated that, if his particular request was denied, "he would tell the inmates the [guard's] name" (id. at 833). Viewed in context, the latter statement was at least an implied threat of physical harm to the guard. Here, in contrast, petitioner did not threaten to physically harm anyone.
We therefore modify the determination by granting the petition in part and annulling that part of the determination finding petitioner guilty of violating inmate rule 102.10, and we direct respondent to expunge all references thereto from petitioner's institutional record. The matter need not be remitted to respondent for reconsideration of the penalty, however, because no loss of good time was imposed and petitioner has already served the penalty imposed.
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court