Matter of Diaz v Lee (2019 NY Slip Op 02937)





Matter of Diaz v Lee


2019 NY Slip Op 02937


Decided on April 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 18, 2019

527211

[*1]In the Matter of EDDIE DIAZ, Petitioner,
v
WILLIAM LEE, as Superintendent of Eastern N.Y. Correctional Facility, Respondent.

Calendar Date: March 15, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.


Eddie Diaz, Napanoch, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, a prison inmate, worked in one of the industry shops at the facility where he was incarcerated. Following a verbal exchange with a civilian supervisor, petitioner was charged in a misbehavior report with refusing a direct order, harassment and lying. At the conclusion of the ensuing tier II disciplinary hearing, petitioner was found guilty of refusing a direct order and harassment and not guilty of the remaining charge, and a penalty was imposed. Petitioner's administrative appeal was unsuccessful, prompting him to commence this CPLR article 78 proceeding to challenge respondent's determination.
We confirm. Preliminarily, petitioner's procedural claims — that the misbehavior report failed to comply with the requirements of 7 NYCRR 251-3.1 (b), that such report did not afford him sufficient notice of the charges against him and that he otherwise was deprived of due process — are unpreserved for our review due to petitioner's failure to register appropriate objections at the disciplinary hearing (see Matter of Jones v Annucci, 166 AD3d 1174, 1176 [2018]; Matter of Soto v Central Off, Review Comm. of the Dept. of Corrections & Community Supervision, 118 AD3d 1229, 1230 [2014]; Matter of Abrams v Fischer, 109 AD3d 1030, 1031 [2013]). In any event, the fact that a correction sergeant assisted the civilian supervisor in writing the misbehavior report is of no moment, as the civilian supervisor, who "observed the incident" with petitioner (7 NYCRR 251-3.1 [b]), signed the misbehavior report and testified at the hearing. Further, despite his awareness of the correction sergeant's involvement, petitioner did not request that the correction sergeant testify at the hearing (see Matter of Nieves v Annucci, 123 AD3d 1368, 1369 [2014]).
As to the sustained charges, the misbehavior report, the testimony of the civilian supervisor and petitioner's own testimony, wherein he admitted that he used profanity "in a joking manner" during his exchange with the civilian supervisor, provide substantial evidence to support the finding of guilt (see Matter of Cosme v New York State Dept. of Corr. & Community Supervision, 168 AD3d 1327, 1328 [2019]; Matter of Lopez v Department of Corr. & Community Supervision, 142 AD3d 1238, 1239 [2016]). Petitioner's stated explanations for his behavior presented a credibility issue for the Hearing Officer to resolve (see e.g. Matter of McDonald v Annucci, 159 AD3d 1216, 1217 [2018]), and the fact the he eventually complied with the civilian supervisor's requests does not obviate his initial refusal to obey a direct order (see Matter of Gaston v Annucci, 148 AD3d 1447, 1447 [2017]; Matter of Crenshaw v Fischer, 87 AD3d 1189, 1189-1190 [2011]). Finally, contrary to petitioner's assertion, insolent behavior is sufficient to constitute harassment (see Matter of Johnson v Lee, 166 AD3d 1275, 1275 [2018]; Matter of Mays v Early, 161 AD3d 1412, 1413 [2018]; Matter of Wigfall v New York State Dept. of Corr. & Community Supervision, 160 AD3d 1332, 1333 [2018]; Matter of Lopez v Department of Corr. & Community Supervision, 142 AD3d at 1239). Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.