Matter of Miller v Department of Corr. & Community Supervision (2025 NY Slip Op 06779)

Matter of Miller v Department of Corr. & Community Supervision

2025 NY Slip Op 06779

Decided on December 4, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 4, 2025

CV-25-1007
[*1]In the Matter of Richard Miller, Petitioner,
v
Department of Corrections and Community Supervision, Respondent.

Calendar Date:November 14, 2025

Before:Garry, P.J., Reynolds Fitzgerald, Lynch, Fisher and Corcoran, JJ.

Richard Miller, Napanoch, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of the Superintendent of Eastern Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, an incarcerated individual, was charged in a misbehavior report with stalking, harassing an employee and refusing a direct order. According to the report, a correction officer was sitting at a register in the officer mess hall when petitioner made a kissing gesture toward her and stated, "What's up with me and you?" Petitioner was then removed from the area. Following a tier II disciplinary hearing, petitioner was found guilty of the charge of harassing an employee and stalking and not guilty of refusing a direct order. That determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
Initially, the Attorney General concedes, and we agree, that the part of the determination finding petitioner guilty of stalking is not supported by substantial evidence and must be annulled. Because the penalty has been served and no loss of good time was imposed, the matter does not need to be remitted for a redetermination of the penalty imposed on the remaining charge (see Matter of Jones v Uhler, 237 AD3d 1390, 1391 [3d Dept 2025]). As for the remaining charge of harassing an employee, we find that the misbehavior report and hearing testimony provide substantial evidence to support the determination of guilt (see Matter of Smith v Annucci, 173 AD3d 1596, 1597 [3d Dept 2019]; Matter of White v Annucci, 169 AD3d 1326, 1327 [3d Dept 2019], lv denied 33 NY3d 908 [2019], lv dismissed 33 NY3d 1048 [2019]; Matter of Al-Matin v Brown, 86 AD3d 902, 902 [3d Dept 2011]). The disciplinary rule in question states that an incarcerated individual "shall not harass an employee or any other person verbally or in writing" (7 NYCRR 270.2 [B] [8] [ii]). This includes, but is not limited to, "using insolent, abusive, or obscene language or gestures, or writing or otherwise communicating messages of a personal nature to an employee or any other person" (7 NYCRR 270.2 [B] [8] [ii]). Contrary to petitioner's contention, this language provides a person of ordinary intelligence with sufficient notice that petitioner's behavior in this matter constitutes conduct proscribed by the rule (see Matter of McLean v New York State Dept. of Corr. & Community Supervision, 132 AD3d 1041, 1042 [3d Dept 2015], appeal dismissed 26 NY3d 1082 [2016]; Matter of Henry v Fischer, 98 AD3d 1157, 1158 [3d Dept 2012]; Matter of Jones v Department of Correctional Servs. of State of N.Y., 283 AD2d 805, 805 [3d Dept 2001]). Petitioner's protestations of innocence raised credibility issues for the Hearing Officer to resolve (see e.g. Matter of Jones v Uhler, 237 AD3d at 1391). To the extent that petitioner's remaining contentions are properly before us, they have been reviewed and found to be without [*2]merit.
Garry, P.J., Reynolds Fitzgerald, Lynch, Fisher and Corcoran, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of stalking; petition granted to that extent and respondent is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.