■ In the Matter of CHAUNCEY CROMWELL, Petitioner, v GLENN S. GOORD et al., Respondents. [796 NYS2d 411]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent Donald Selsky, Director of Special Housing/Inmate Disciplinary Programs of the New York State Department of Correctional Services, dated April 10, 2003, which affirmed a determination of a hearing officer dated February 6, 2003, made after a tier III disciplinary hearing, finding the petitioner guilty of violating a prison disciplinary rule (*see* 7 NYCRR 270.2 [B] [1] [ii]) and imposing a penalty.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

Contrary to the petitioner's contention, the determination finding him guilty of assaulting a staff member is supported by substantial evidence in the record (*see Matter of Larkins v Selsky*, 15 AD3d 488 [2005]; *cf. Matter of Bryant v Coughlin*, 77 NY2d 642, 647 [1991]). "In reviewing a prison disciplinary determination, the court's inquiry is limited to deciding whether the determination was supported by substantial evidence" (*Matter of Ramsey v Phillips*, 11 AD3d 470 [2004], quoting *Matter of Glover v Goord*, 262 AD2d 483, 484 [1999]).

"[A]n assault by an inmate need not cause or intend injury" (*Matter of Hop Wah v Coughlin*, 162 AD2d 887, 888 [1990]) and "[i]t is not required that the victim suffer physical injury" (*Mat-

ter of *Mojica v Goord,* 262 AD2d 1002 [1999], *cert denied* 529 US 1039 [2000]; *Matter of Hop Wah v Coughlin,* 160 AD2d 1054, 1056 [1990]). Here, the challenged determination was supported by substantial evidence. Prudenti, P.J., Adams, Rivera and Fisher, JJ., concur.