■ In the Matter of ABDULLAH Y. SALAHUDDIN, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [802 NYS2d 262]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with engaging in violent conduct, creating a disturbance, refusing a direct order, interfering with a prison employee and the misuse of state

property in violation of the prison disciplinary rules. Following a tier III disciplinary hearing, petitioner was found guilty of all charges except the misuse of state property. Upon administrative appeal, however, all charges, except refusing a direct order, were dismissed and the penalty was reduced. Thereafter, petitioner commenced this CPLR article 78 proceeding to challenge the determination finding him guilty of refusing a direct order.

We confirm. The detailed misbehavior report and the testimony of the correction officer who authored it provide substantial evidence to support the remaining determination of guilt (*see Matter of Alvarez v Goord*, 17 AD3d 945, 945 [2005]; *Matter of Sanders v Goord*, 275 AD2d 842, 842-843 [2000]). The report and the consistent testimony reveal that the officer observed petitioner coming from the mess hall with bread wrapped in brown paper towels and he informed petitioner that such towels were used for cleaning purposes only. He then directed petitioner to unwrap the bread and give him the paper towels. Petitioner stated "quit harassing me," turned and walked into the dorm area. The officer followed and again directed petitioner to give him the paper towels. Petitioner then complied, handing over the paper towels and some of the bread. While petitioner may have complied with the second order, there is no evidence that he complied with the first. Moreover, the fact that the officer later acknowledged that he was unaware that the mess hall had issued the brown paper towels provides no defense. As a prison inmate, petitioner was required to promptly obey the directive without argument, even if the order appeared to be unwarranted (*see Matter of Montcrieft v Goord*, 308 AD2d 648 [2003]).

We find no record support for petitioner's remaining arguments and dismiss them as meritless.

Mercure, J.P., Peters, Mugglin, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.