In the Matter of ROY TARBELL, Petitioner, v ALBERT PRACK, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [934 NYS2d 522]—

Petitioner, a prison inmate, served as the secretary of the inmate liaison committee and was charged in a misbehavior report with disobeying a direct order, interfering with an employee and creating a disturbance after he sent a proposal to the Commissioner of Corrections and Community Supervision on behalf of the committee after receiving a direct order not to do so without approval. Following a tier III disciplinary hearing, he was found guilty of all charges and that determination was affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding.

Initially, the Attorney General concedes, and we agree, that the record does not contain substantial evidence to support a finding of guilt with regard to the charges of interfering with an employee and creating a disturbance. Therefore, the determination must be annulled to that extent and, because the penalty included a recommended loss of good time, the matter must be remitted to the Commissioner for a redetermination of the penalty (*see Matter of Joseph v Fischer*, 85 AD3d 1514, 1515 [2011]; *Matter of Davis v Fischer*, 76 AD3d 1154, 1155 [2010]).

Turning to the remaining charge, the misbehavior report,

hearing testimony and a copy of petitioner's letter to the Commissioner provide substantial evidence to support the determination that petitioner was guilty of disobeying a direct order (*see Matter of Cooper v Prack*, 85 AD3d 1470, 1471 [2011]; *Matter of Cognata v Fischer*, 85 AD3d 1456, 1457 [2011]). Petitioner's contention that the direct order was unwarranted is unavailing, inasmuch as inmates are required to promptly obey directives without argument (*see Matter of Salahuddin v Selsky*, 21 AD3d 1205, 1206 [2005], *lv denied* 6 NY3d 701 [2005]; *Matter of Miller v Goord*, 2 AD3d 928, 930 [2003]). Petitioner was not improperly denied his right to call a witness, inasmuch as the testimony requested was irrelevant to whether he disobeyed the direct order (*see Matter of Demarta v Prack*, 85 AD3d 1475, 1476 [2011]). Finally, the misbehavior report was not untimely inasmuch as it was written shortly after the author discovered that petitioner had written to the Commissioner without approval (*see Matter of Decastro v Prack*, 62 AD3d 1224, 1225 [2009]).

Mercure, J.P., Rose, Kavanagh, McCarthy and Garry, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of interfering with an employee and creating a disturbance and imposed a penalty; petition granted to that extent, the Commissioner of Corrections and Community Supervision is directed to expunge all references thereto from petitioner's institutional record and matter remitted to the Commissioner for an administrative redetermination of the penalty on the remaining violation; and, as so modified, confirmed.