In the Matter of LEROY JAMISON, Petitioner, v THOMAS GRIFFIN, as Superintendent of Green Haven Correctional Facility, Respondent. [48 NYS3d 635]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with refusing a direct order, interfering with an employee and being out of place. Following a tier II disciplinary hearing, petitioner was found guilty of refusing a direct order and not guilty of the remaining charges. That determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.

Contrary to petitioner's contention, the misbehavior report and testimony at the hearing provide substantial evidence to support the determination of guilt. Specifically, the misbehavior report relates, and petitioner's testimony confirmed, that when petitioner was directed to go downstairs to get foam for a chair, he answered, "no, send someone else." As the record establishes that petitioner did not promptly comply with the direct order, the determination will not be disturbed (see Matter of Bailey v Prack, 125 AD3d 1028, 1028 [2015]; Matter of Tarbell v Prack, 89 AD3d 1342, 1343 [2011]). Furthermore, the record makes clear that the foregoing conduct formed the basis for the determination of guilt and not any other alleged conduct by petitioner, such as riding the elevator without an escort.

Peters, P.J., Rose, Devine, Clark and Aarons, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.