■ In the Matter of JOHN CURRY, Petitioner, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [48 NYS3d 638]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany

County) to review a determination of the Superintendent of Green Haven Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with refusing a direct order and failing to follow lock-in procedures after he twice disregarded a correction officer's directive to lock in his cell, which required that the correction officer leave his post and escort petitioner to his cell. Following a tier II disciplinary hearing, petitioner was found guilty of both charges and that determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.

The misbehavior report and testimony at the hearing, including that of the correction officer involved in the incident, provide substantial evidence to support the determination of guilt (*see Matter of Bailey v Prack*, 125 AD3d 1028, 1028 [2015]; *Matter of Tarbell v Prack*, 89 AD3d 1342, 1343 [2011]). As a prison inmate, petitioner was required to promptly comply with the directive to lock in his cell (*see Matter of Bailey v Prack*, 125 AD3d at 1028). To the extent that petitioner denied the incident, this created a credibility issue for the Hearing Officer to resolve (*see Matter of Bermudez v Griffin*, 142 AD3d 1203, 1204 [2016]; *Matter of Batten v Goord*, 258 AD2d 794, 794 [1999]). Petitioner's procedural contentions have been reviewed and found to be without merit.

Peters, P.J., McCarthy, Egan Jr., Lynch and Aarons, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.