Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
 

 Upon receiving a forged permit that purported to authorize petitioner to possess a radio, petitioner refused an order to produce said radio and claimed that the radio belonged to him. Petitioner ultimately produced the radio, which bore the identification number of another inmate. As a result of this incident, petitioner was charged in a misbehavior report with refusing a direct order, unauthorized exchange, interfering with an employee, forgery and making a false statement. Following a tier II disciplinary hearing, petitioner was found guilty of the charges. That determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
 

 Initially, respondent concedes, and our review of the record confirms, that substantial evidence does not support the charge of interfering with an employee. Accordingly, we annul that part of the determination, but we do not need to remit the matter for a redetermination of the penalty because the penalty has been completed and no loss of good time was imposed (see Matter of Young v Keyser, 136 AD3d 1084, 1084 [2016]; Matter of Edwards v Annucci, 131 AD3d 770, 770 [2015]). As for the determination finding petitioner guilty of refusing a direct order, unauthorized exchange, forgery and making a false statement, the misbehavior report, hearing testimony and related documentation provide substantial evidence to support the determination (see Matter of Alicea v Fischer, 108 AD3d 888, 888-889 [2013]; Matter of Gloss v Fischer, 65 AD3d 1430, 1431 [2009], lv denied 13 NY3d 714 [2009]). As a prison inmate, petitioner was required to promptly comply with the directive to produce the radio (see Matter of Curry v Annucci, 148 AD3d 1395, 1396 [2017]; Matter of Tarbell v Prack, 89 AD3d 1342, 1343 [2011]). To the extent that petitioner denied, among other things, forging the permit and exchanging the radio with another inmate and claimed to have found the radio, these claims presented credibility issues for the Hearing Officer to resolve (see e.g. Matter of Canzater-Smith v Venettozzi, 150 AD3d 1518, 1518-1519 [2017]). We have considered petitioner’s remaining procedural contentions and find that they are either unpre-served for our review or lacking in merit.
 

 Peters, P.J., Lynch, Rose, Mulvey and Aarons, JJ., concur.
 

 Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of interfering with an employee; petition granted to that extent and respondent is directed to expunge all references to this charge from petitioner’s institutional record; and, as so modified, confirmed.