Matter of Kha'Sun Creator Allah v Venettozzi (2019 NY Slip Op 05254)





Matter of Kha'Sun Creator Allah v Venettozzi


2019 NY Slip Op 05254


Decided on June 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 27, 2019

528006

[*1]In the Matter of KHA'SUN CREATOR ALLAH, Petitioner,
v
DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: May 24, 2019

Before: Garry, P.J., Lynch, Clark, Devine and Rumsey, JJ.


Kha'Sun Creator Allah, Elmira, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
While a facility nurse was conducting a medication run at a first aid window, petitioner approached the nurse to receive his medication, forcefully grabbed her hand and ignored a direct order to release her hand. He then ran his fingers along her hand to her fingers, where he continued to hold her fingers and ignored another direct order to release her hand. After the nurse called for assistance, petitioner released her hand and left the window at a fast pace. As a result of this incident, petitioner was charged in a misbehavior report with making threats, assaulting staff, harassing staff, interfering with staff, refusing a direct order and creating a disturbance. Following a tier III disciplinary hearing, he was found guilty of all charges. The Commissioner of Corrections and Community Supervision modified the determination upon administrative appeal by dismissing the making threats charge but otherwise affirmed the determination and did not reduce the penalty imposed. This CPLR article 78 proceeding ensued.
Initially, respondent concedes, and our review of the record confirms, that the record fails to support the finding of guilt with regard to the charge of creating a disturbance, and the determination must be annulled to that extent. Because a loss of good time was recommended, the matter must be remitted for a redetermination of the penalty with respect to the remaining violations (see Matter of Tomlin v Annucci, 160 AD3d 1183, 1183 [2018]; Matter of Spikes v Fischer, 100 AD3d 1231, 1231 [2012], lv denied 20 NY3d 862 [2013]; Matter of Hood v Fischer, 100 AD3d 1122, 1123 [2012]; Matter of Tarbell v Prack, 89 AD3d 1342, 1342 [2011]).
With regard to the remaining charges, the misbehavior report, testimony at the hearing, including the testimony from the nurse who authored the misbehavior report, and the confidential documentary evidence submitted for in camera review provide substantial evidence to support the determination of guilt (see Matter of Dawes v Annucci, 171 AD3d 1365, 1367 [2019]; Matter of Amaker v Boyd, 162 AD3d 1418, 1419 [2018]; Matter of Caraway v Annucci, 159 AD3d 1212, 1212 [2018]). Contrary to petitioner's contention, his insolent, unsolicited and forceable contact, as described in the misbehavior report and testified to by its author, constituted harassment (see 7 NYCRR 270.2 [B] [8] [ii]; Matter of Diaz v Lee, 171 AD3d 1382, 1382 [2019]; Matter of Johnson v Lee, 166 AD3d 1275, 1275 [2018]; Matter of Wigfall v New York State Dept. of Corr. & Community Supervision, 160 AD3d 1332, 1333 [2018]) and assault (see 7 NYCRR 270.2 [B] [1] [ii]; Matter of Bradshaw v Annucci, 163 AD3d 1380, 1380-1381 [2018]; Matter of Telesford v Annucci, 145 AD3d 1304, 1305 [2016]; Matter of Cromwell v Goord, 19 AD3d 415, 415 [2005]). Petitioner's denial of the charged conduct, as well as his challenge to the time line of the incident, presented credibility issues for the Hearing Officer to resolve (see Matter of Amaker v Boyd, 162 AD3d at 1419; Matter of Romero v Gonyea, 159 AD3d 1206, 1207 [2018]). Finally, the record does not demonstrate that the Hearing Officer was biased or that the determination flowed from any alleged bias (see e.g. Matter of Ayuso v Venettozzi, 170 AD3d 1407, 1408 [2019]). Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Lynch, Clark, Devine and Rumsey, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of creating a disturbance and imposed a penalty; petition granted to that extent, the Commissioner of Corrections and Community Supervision is directed to expunge all references to this charge from petitioner's institutional record and matter remitted to the Commissioner of Corrections and Community Supervision for an administrative redetermination of the penalty on the remaining violations; and, as so modified, confirmed.