Matter of Saeli v Annucci (2023 NY Slip Op 01719)

Matter of Saeli v Annucci

2023 NY Slip Op 01719

Decided on March 30, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 30, 2023

535325
[*1]In the Matter of Samuel J. Saeli, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:February 10, 2023

Before:Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Samuel J. Saeli, Attica, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, an incarcerated individual, was charged in a misbehavior report with forging a document, providing false information and possessing contraband. According to the report, petitioner had made a special request for special access to the law library, because he allegedly had an upcoming due date in a pending court case. In support of his request, petitioner enclosed a document purporting to be an order by a magistrate judge directing petitioner to appear on a particular date. However, the request was denied because it was learned that the case to which the purported order pertained had been assigned to a different magistrate judge and was closed earlier that year. Following a tier III prison disciplinary hearing, petitioner was found guilty of forging a document and providing false information and not guilty of possessing contraband. That determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued. We confirm.
The misbehavior report, hearing testimony and related documentary evidence constitute substantial evidence to support the determination of guilt (see Matter of Haigler v Keyser, 155 AD3d 1202, 1202-1203 [3d Dept 2017], lv denied 31 NY3d 901 [2018]; Matter of Engles v Fischer, 78 AD3d 1410, 1411 [3d Dept 2010]; Matter of Gloss v Fischer, 65 AD3d 1430, 1431 [3d Dept 2009], lv denied 13 NY3d 714 [2009]). The rule prohibiting forgery does not limit its scope to documents generated by respondent (7 NYCRR 270.2 [B] [17] [iii]), and, contrary to petitioner's contention, the lack of a witness observing the creation of a forged document is of no consequence where "the circumstantial evidence and the reasonable inferences drawn therefrom provide a sufficient basis for a finding of guilt" (Matter of Kelly v Mayes, 210 AD3d 1168, 1169 [3d Dept 2022] [internal quotation marks and citations omitted]). Petitioner's remaining claims have either not been preserved or have been considered and found to be without merit.
Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.